UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARSH USA LLC,                                                          x
                                                                       :
                                        Plaintiff,                     :
                                                                       :     25-cv-6208-GBD
                                                                       :
                      - against -                                      :
                                                                       :     **[PROPOSED] ORDER TO**
                                                                       :     **SHOW CAUSE FOR**
                                                                       :     **TEMPORARY RESTRAINING**
MICHAEL PARRISH, GISELLE LUGONES,                                      :     **ORDER, PRELIMINARY**
ROBERT LYNN, and JULIE LAYTON,                                         :     **INJUNCTION AND**
                                                                       :     **EXPEDITED DISCOVERY**
                                        Defendants.                    :
                                                                       x

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Upon the Summons and Complaint of Plaintiff Marsh USA LLC ("Marsh") and the

accompanying Memorandum of Law in Support of Plaintiff's Application for a Temporary

Restraining Order, Preliminary Injunction, and Expedited Discovery, and the declarations

submitted in support, and good and sufficient reason appearing to me therefor, it is hereby:

**ORDERED**, that Defendants Michael Parrish, Giselle Lugones, Robert Lynn, and Julie

Layton show cause before a motion term of this Court, at Room ___, United States Courthouse,

500 Pearl Street, in the City, County and State of New York, on _____, _____, at ___o'clock

in the ___ noon thereof, or as soon thereafter as counsel may be heard, why an order should not be

issued pursuant to Rule 65 of the Federal Rules of Civil Procedure: (1) preliminarily enjoining

Defendants from directly or indirectly violating their duties of loyalty to Marsh and contractual

agreements with Marsh and its subsidiaries, parents and affiliates (the "Company"), as each is described

and defined in Plaintiff's Complaint (the "Covenants Agreements") and engaging in unfair competition,

including, but not limited to, by directly or through others (a) soliciting clients or prospective clients of

the Company—with which each respective Defendant had contact or about which each respective

Defendant obtained Confidential Information and Trade Secrets during the last two (2) years of his or

her employment with Marsh—for the purpose of selling or providing products or services of the type sold or provided by Defendants while employed by the Company; (b) inducing clients or prospective clients of the Company—with which each respective Defendant had contact or about which each respective Defendant obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with Marsh—to terminate, cancel, not renew, or not place business with the Company; (c) performing or supervising the provision or performance of services or provision of products of the type sold or provided by Defendants while employed by the Company on behalf of any clients or prospective clients of the Company—with which each respective Defendant had contact or about which each respective Defendant obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with Marsh; (d) either on Defendant's own account or on behalf of any person, company, corporation, or other entity, soliciting, or endeavoring to cause any employee of the Company with whom each respective Defendant, during the last two (2) years of his or her employment with the Company, came into contact for the purpose of soliciting or servicing business or about whom each respective Defendant obtained Confidential Information and Trade Secrets, to leave employment with the Company; (e) for any purpose whatsoever, directly or indirectly using, disseminating or disclosing to any other person, organization, or entity the Company's Confidential Information and Trade Secrets; (f) assisting others to do any of the acts specified above; and (g) with respect to Defendants Parrish, Lugones, and Lynn, (i) engaging, in whole or in part, as an employee, employer, owner, operator, manager, advisor, consultant, contractor, agent, partner, director, officer, volunteer, intern, or any other similar capacity, in selling or providing products or services of the type sold or provided by each respective Defendant while employed by the Company; (ii) performing or supervising the provision or performance of services or provision of products of the type sold or provided by each respective Defendant while he or she was employed by the Company; (iii) assisting others to do

the acts specified in (g)(i-ii); and (iv) violating each respective Defendants' obligations to perform any or all of his or her regular job duties requested by the Company, and all attendant fiduciary duties including, without limitation, his or her duties of loyalty and confidentiality to the Company during their applicable notice period; (2) authorizing expedited discovery in preparation for a hearing on Marsh's motion for a preliminary injunction; and (3) granting such other and further relief as the Court deems just and proper; and it is further

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., that Defendants are temporarily enjoined and restrained from directly or indirectly violating their duties of loyalty to Marsh and the Covenants Agreements and engaging in unfair competition, including, but not limited to, by directly or through others (a) soliciting clients or prospective clients of the Company— with which each respective Defendant had contact or about which each respective Defendant obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with Marsh—for the purpose of selling or providing products or services of the type sold or provided by Defendants while employed by the Company; (b) inducing clients or prospective clients of the Company—with which each respective Defendant had contact or about which each respective Defendant obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with Marsh—to terminate, cancel, not renew, or not place business with the Company; (c) performing or supervising the provision or performance of services or provision of products of the type sold or provided by Defendants while employed by the Company on behalf of any clients or prospective clients of the Company—with which each respective Defendant had contact or about which each respective Defendant obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with Marsh; (d) either on Defendant's own account or on behalf of any person,

company, corporation, or other entity, soliciting, or endeavoring to cause any employee of the Company

with whom each respective Defendant, during the last two (2) years of his or her employment with the

Company, came into contact for the purpose of soliciting or servicing business or about whom each

respective Defendant obtained Confidential Information and Trade Secrets, to leave employment with

the Company; (e) for any purpose whatsoever, directly or indirectly using, disseminating or disclosing to

any other person, organization, or entity the Company's Confidential Information and Trade Secrets; (f)

assisting others to do any of the acts specified above; and (g) with respect to Defendants Parrish, Lugones,

and Lynn, (i) engaging, in whole or in part, as an employee, employer, owner, operator, manager, advisor,

consultant, contractor, agent, partner, director, officer, volunteer, intern, or any other similar capacity, in

selling or providing products or services of the type sold or provided by each respective Defendant while

employed by the Company; (ii) performing or supervising the provision or performance of services or

provision of products of the type sold or provided by each respective Defendant while he or she was

employed by the Company; (iii) assisting others to do the acts specified in (g)(i-ii); and (iv) violating

each respective Defendants' obligations to perform any or all of his or her regular job duties requested

by the Company, and all attendant fiduciary duties including, without limitation, his or her duties of

loyalty and confidentiality to the Company during their applicable notice period (throughout this Order,

the terms Confidential Information and Trade Secrets have the meanings ascribed thereto in the

respective Covenants Agreements); and it is further

     **ORDERED** that, expedited discovery in preparation for the hearing of Plaintiff's

application for a preliminary injunction is granted; and it is further

     **ORDERED** that Plaintiff shall effect personal delivery of a copy of this order and supporting

papers, by hand delivery service and email to Defendants on or before _____ o'clock in the _____

_____ noon, _____, _____, which shall be deemed good and sufficient service thereof.

DATED:    New York, New York

ISSUED:    _____


_____
United States District Judge