UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSH USA LLC,

                 Plaintiff,

    v.

MICHAEL PARRISH, GISELLE LUGONES,
ROBERT LYNN, and JULIE LAYTON

                 Defendants.

Case No. 1:25-cv-06208-GBD

**<u>EXPEDITED CONSIDERATION
AND ORAL ARGUMENT
REQUESTED</u>**


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
ORDER TO SHOW CAUSE TO DISMISS FOR FAILURE TO
JOIN AN INDISPENSABLE PARTY AND REQUEST FOR ABSTENTION**


CARLTON FIELDS, P.A.

Michael L. Yaeger
405 Lexington Avenue, 36th Floor
New York, New York 10174
212.785.2577

*Attorneys for Defendants*
*Michael Parrish, Giselle Lugones, and*
*Robert Lynn*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

RELEVANT BACKGROUND ............................................................................................. 3

    A.   The First-Filed New York State Court Action ................................................... 3

    B.   This Second-Filed Federal Action, Omitting Howden. ...................................... 4

    C.   The Third-Filed Delaware Action .................................................................... 6

    D.   Marsh's and Howden's Citizenship. ............................................................... 7

LEGAL STANDARDS ........................................................................................................ 7

    A.   Failure to Join an Indispensable Party. ........................................................... 7

    B.   The *Colorado River* Abstention Doctrine. ...................................................... 9

ARGUMENT ....................................................................................................................... 10

    A.   The Complaint Should Be Dismissed Because Marsh Failed to Join Howden as an Indispensable Party. ..................................................................................... 10

        1.   Howden Is a Necessary Party Under Rule 19(a). ........................................ 10

        2.   Howden Is an Indispensable Party Under Rule 19(b) Whose Joinder Is Infeasible Because It Would Destroy Diversity Jurisdiction. ...................................... 14

    B.   The Court Should Resolve the Jurisdictional Implications of this Motion Before Wasting Any Judicial Resources on Marsh's Pending Motion for Equitable Relief. ....... 17

CONCLUSION ..................................................................................................................... 18

CERTIFICATION ................................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006)................................................................................................17

*Associated Dry Goods Corp. v. Towers Fin. Corp.*,
  920 F. 2d 1121( 2d Cir. 1990).................................................................................9

*Baldwin v. Interscope Recs., Inc.*,
  No. 19-CV-8923 (JGK), 2021 WL 847976 (S.D.N.Y. Mar. 4, 2021).......................9

*Colorado River Water Conservation District v. United States*,
  424 U.S. 800 (1976)......................................................................................... passim

*Dunmann Realty, LLC v. Faust*,
  267 F.R.D. 101 (S.D.N.Y. Mar. 4, 2021)..................................................................7

*Fagioli S.p.A. v. Gen. Elec. Co.*,
  No. 14-CV-7055 (AJN), 2014 WL 12768461 (S.D.N.Y. Nov. 25, 2014)............7–8

*Homeamerican Credit, Inc. v. Vermillion*,
  1997 WL 793047 (E.D. Pa. Dec. 10, 1997)............................................................17

*Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*,
  815 F.2d 240 (2d Cir. 1987).....................................................................................14

*Marvel Characters, Inc. v. Kirby*,
  726 F.3d 119 (2d Cir. 2013).....................................................................................15

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
  471 F.3d 377 (2d Cir. 2006)................................................................................11 n.4

*Merrill Lynch & Co. v. Allegheny Energy, Inc.*,
  500 F.3d 171 (2d Cir. 2007).......................................................................................7

*Montauk Highway LLC v. Glob. Partners LP*,
  296 F.R.D. 94 (E.D.N.Y. 2013)................................................................................15

*Murphy v. Morlitz*,
  No. 15-CV-7256 (VSB), 2017 WL 4221472 (S.D.N.Y. Sept. 21, 2017) .................7

*Murphy v. Morlitz*,
  751 F. App'x 28 (2d Cir. Sept. 21, 2018) .................................................................7

*Temple v. Synthes Corp.*,
   498 U.S. 5 (1990) ........................................................................................13

*Torrington Co. v. Yost*,
   139 F.R.D. 91 (D.S.C. 1991) .......................................................................17

*United States v. Sweeny*,
   418 F. Supp. 2d 492 (S.D.N.Y. 2006) ...........................................................9

*Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*,
   312 F.3d 82 (2d Cir. 2002) ...........................................................................14

*Viacom Int'l, Inc. v. Kearney*,
   212 F.3d 721 (2d Cir. 2000) .......................................................................7–8

*Vision Analisis y Estrategia, S.A. de C.V. v. Andersen*,
   No. 14–CV–8016, 2015 WL 4510772 (S.D.N.Y. July 24, 2015) ................9, 10, 14

*Vision Analisis y Estrategia, S.A. de C.V. v. Andersen*,
   662 Fed. App'x 29 (2d Cir. Oct. 5, 2016) .....................................................9

**Statutes**

28 U.S.C. § 1332 ............................................................................................7

**Other Authorities**

Fed. R. Civ. P. 19 .................................................................................. passim

Fed. R. Civ. P. 12 .................................................................................. passim

Fed. R. Civ. P. 24 ......................................................................................11 n.4

Defendants Michael Parrish ("Parrish"), Giselle Lugones ("Lugones"), and Robert Lynn ("Lynn") (collectively, the "Individual Defendants")[1] respectfully move the Court to dismiss with prejudice Plaintiff Marsh USA LLC's ("Marsh") complaint (ECF No. 1) (1) pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(b) for failure to join Howden US Services, LLC ("Howden") as an indispensable party and (2) under the abstention doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"), based on the pendency of first-filed, parallel litigation in the New York Supreme Court's Commercial Division.

## INTRODUCTION

This action concerns Plaintiff Marsh's claims that the Individual Defendants each breached contractual and common-law obligations to Marsh, their employer, when they recently resigned to work for Howden, Marsh's competitor. (Compl., ECF No. 1 at ¶¶ 120-207). Specifically, Marsh alleges that *Howden* played a direct and central role in a purported "raid" of Marsh's Florida employees in July 2025, which forms part of the alleged factual basis for each of Marsh's legal claims against the Individual Defendants. (*See, e.g.*, *id.* at ¶ 3 (describing the alleged "scheme hatched" by Howden), ¶ 4 (alleging Howden and Parrish "devised a plan"), ¶ 39 (referring to "Howden's July 2025 raid"), ¶ 86 (alleging "Howden hatched an unlawful scheme to poach Marsh's employees, clients, Confidential Information, and goodwill"), ¶ 105 ("The only way Howden could have executed on a raid like this was with Defendants [sic] active participation.")).

But despite Howden's alleged central role in each claim, Marsh has tried to cut Howden out of this case in a blatant act of forum shopping and jurisdictional gamesmanship. Two days

---

[1]    Julie Layton ("Layton") is also named as an individual defendant in this action. (*See* Compl., ECF No. 1). We expect that Layton, who is represented by separate counsel, will join in this motion by separate filing.

before Marsh filed in this Court, Howden and Individual Defendants Parrish and Lugones filed a complaint for declaratory judgment against Marsh and its parent corporation in the Supreme Court of the State of New York, County of New York, Commercial Division, Case No. 654430/2025 (the "New York State Court Action").[2]  Despite the pending New York State Court Action, despite knowing Howden's direct and indisputable interest in the issues in this litigation, despite detailing in its complaint the extent of Howden's alleged collaboration in the purported "scheme" that forms the basis for the legal claims asserted in this action, and despite admitting that it intends to pursue discovery from Howden to try to support its claim, Marsh made the strategic decision to omit Howden as a named defendant.  (*See* Compl., ECF No. 1 at ¶¶ 2-11, 39, 85-207).

Marsh's gamesmanship is clear—it seeks to avoid Howden's chosen forum by manufacturing a case for diversity jurisdiction.  Marsh and Howden share Delaware citizenship and, thus, joining Howden as a necessary and non-diverse defendant would divest the Court of subject-matter jurisdiction.  Such gamesmanship is precisely what Rule 19 is designed to prevent: a plaintiff manufacturing federal jurisdiction by carving up litigation and leaving out a pivotal, indispensable party.  The Rule requires joinder of that party—Howden—or dismissal if joinder is infeasible.  In pursuing its diversity-by-omission strategy, Marsh also ignored its obligation under Federal Rule of Civil Procedure 19(c) to state in the complaint its reasons for not joining Howden.[3]  Instead, Marsh separately sued Howden two days later in Delaware Chancery Court, where the

---

[2]    Another individual, Michael Landa ("Landa"), joined Parrish and Lugones in bringing the New York State Court Action.  Two other individual defendants named in this action, Lynn and Layton, are not named plaintiffs in the New York State Court Action.

[3]    This omission speaks volumes and supports an inference that Marsh knew Howden was a necessary and indispensable party but tried to evade the jurisdictional consequences of joining Howden as a defendant.

Individual Defendants cannot be reached, alleging various theories of liability against Howden and an affiliated entity (the "Delaware State Court Action").

The net result here is three pending lawsuits that all involve the same fundamental disputes about the Individual Defendants' and others' resignations from Marsh and their future employment by Howden:  (1) the first-filed New York State Court Action by Parrish, Lugones, Landa, and Howden against Marsh and its parent corporation; (2) this second-filed federal action by Marsh against Parrish, Lugones, Lynn, and Layton; and (3) the third-filed Delaware State Court Action by Marsh against Howden and an affiliated entity.  And Marsh has, as of now, filed papers seeking a temporary restraining order and preliminary injunction in this federal action (*see* ECF No. 15) and in the Delaware State Court Action concerning essentially the same subject matter (Declaration of Michael L. Yaeger ("Yaeger Decl.") at ¶ 5).

Against this backdrop, the Individual Defendants contend that the complaint in this second-filed federal action should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 based on Marsh's failure to join a necessary, indispensable, and non-diverse party—*i.e.*, Howden—as a named defendant and because abstention is warranted under the *Colorado River* doctrine.

## RELEVANT BACKGROUND

### A.    The First-Filed New York State Court Action.

As mentioned above, this is not the first action brought in respect of the Individual Defendants' resignations from Marsh.  On July 27, 2025, Howden, along with Individual Defendants Parrish and Lugones (as well as another similarly situated Marsh employee, Landa) filed a complaint for declaratory judgment against Marsh and its parent corporation, Marsh & McLennan Companies, Inc. ("MMC"), in the New York State Court Action.  A copy of the Complaint in the New York State Court Action is attached as **Exhibit A**.  Howden and the

individual plaintiffs in the New York State Court Action seek declarations regarding the unenforceability of the restrictive covenants that Marsh seeks to enforce in this action. *Id.* Howden also seeks a declaration that any non-competition provisions, client non-solicitation provisions, and employee non-solicitation provisions shall not serve as a basis for claims against Howden arising out of or related to such provisions. *Id.* Marsh and MMC have been served in the New York State Court Action but have not yet responded. (Yaeger Decl. at ¶ 6). In fact, service was effectuated before Marsh filed this action. (*Id.* at ¶ 7). Howden and the individual plaintiffs have served early discovery requests to Marsh and MMC. (*Id.* at ¶ 8).

**B.    This Second-Filed Federal Action, Omitting Howden**

Two days after the New York State Court Action began, on July 29, 2025, Marsh filed the instant action against the Individual Defendants and Layton. Marsh's complaint is replete with allegations directed specifically at Howden and claiming Howden's direct and substantial involvement in the alleged "plan," "scheme," or "raid" that forms the basis of Marsh's legal claims in this action:

- "The scheme hatched originally in the Spring of 2025. . . . *Howden* turned to plan B: enter the U.S. market by poaching employees and clients from . . . Marsh and its affiliates." (Compl., ECF No. 1 at ¶ 3 (emphasis added)).

- "*Howden* and the head of Marsh's Florida Zone Michael Parrish devised a plan to open new U.S. Offices for *Howden* . . . . Parish and *Howden* decided to simply lift out Marsh's employees . . . . *Howden* incorporated at least two new LLCs under Delaware law." (*Id.* at ¶ 4 (emphasis added); *see also id.* at ¶ 87).

- "[T]he [Individual] Defendants have sought to unfairly benefit themselves *and Howden*." (*Id.* at ¶ 7 (emphasis added)).

- "*Howden* and the Defendants did not intend to hire over 90 Marsh employees to work for a new Howden entity that had no clients, resources, or imprint of its own." (*Id.* at ¶ 9 (emphasis added)).

4

- "*Working in concert with Howden*, the Defendants have run roughshod over their contractual and legal obligations."  (*Id.* at ¶ 11 (emphasis added)).

- "Prior to *Howden's* July 2025 raid . . . ."  (*Id.* at ¶ 39 (emphasis added)).

- "*Howden* hatched an unlawful scheme to poach Marsh's employees, clients, Confidential Information, and goodwill."  (*Id.* at ¶ 86 (emphasis added)).

- "*Howden* enlisted Parrish . . . .  Parrish, with *Howden's full support*, led the effort."  (*Id.* at ¶ 87 (emphasis added)).

- "The only way *Howden* could have executed on a raid like this was with Defendants [sic] active participation."  (*Id.* at ¶ 105 (emphasis added)).

- "*Howden's* expectation was that the Departing Employees would bring Marsh clients with them to Howden."  (*Id.* at ¶ 116 (emphasis added)).

On the face of Marsh's complaint, therefore, Howden is alleged to be central to Marsh's theories of liability against the Individual Defendants and the alleged underlying conduct.

Further, on July 30, 2025, Marsh filed a motion requesting a temporary restraining order and preliminary injunction against the Individual Defendants and seeking expedited treatment of its claims.  (Marsh Mot., ECF No. 15).  In connection with that motion, Marsh submitted a proposed order to show cause seeking to enjoin the Individual Defendants from directly or indirectly breaching their duties of loyalty and contractual agreements and engaging in unfair competition, including "directly or *through others*" or "assisting *others*" to do so.  (Proposed Order, ECF No. 14 at 1-4 (emphasis added)).  If it obtains relief, Marsh will undoubtedly contend that this order will constrain "others" at Howden.  (*See id.*).  Under the proposed order, Marsh seeks to enjoin the Individual Defendants from either on their "own account" or "*on behalf of* any person, *company, corporation, or other entity*" engaging in various activities.  (*Id.* (emphasis added)).  Again, if the order is entered, Marsh will undoubtedly contend that Howden is constrained by the scope of the injunction.  (*See id.*).  From this language in the proposed order, it

5

is clear that Marsh seeks an adjudication of Howden's rights and interests, and remedies against Howden, without Howden's participation as a named defendant.

On August 5, 2025, Howden filed an Emergency Motion to Intervene and for Abstention seeking to intervene in this action and for the court to abstain from ruling on Marsh's claims pursuant to the *Colorado River* abstention doctrine. (Howden Mot., ECF No. 41). Because the instant motion to dismiss has direct implications for the Court's subject matter jurisdiction, the Individual Defendants respectfully request that the Court rule on their motion to dismiss first and consider Howden's motion only if the Court does not dismiss this action under Rules 12(b)(7) and 19.

### C.    The Third-Filed Delaware Action.

Two days after this action commenced, on August 1, 2025, Marsh filed the Delaware State Court Action in the Delaware Court of Chancery against Howden and a Howden-affiliated entity. A copy of the Complaint in the Delaware State Court Action is attached as **Exhibit B**. In its complaint, Marsh alleges, among other things, that Howden tortiously interfered with the very same restrictive covenants at issue in this case and in the New York State Court Action. Marsh repeats the same allegations of a "scheme" and "collaboration" and alleges that Howden engaged in a conspiracy with the individual employees and that it aided and abetted breaches of fiduciary duty and breaches of duty of loyalty by the individual employees. The individual employees whom Marsh alleges engaged in the purported wrongful acts giving rise to the claims in the Delaware State Court Action include the four named Individual Defendants in this case—*i.e.*, Parrish, Lugones, Lynn and Layton. (*See, e.g.*, Delaware Compl., Ex. B at ¶ 2). However, Marsh did not name the Individual Defendants as defendants in the Delaware State Court Action. (*See id.*).

Despite already moving this Court for a temporary restraining order and preliminary injunction to expedite the treatment of its claims, on August 2, 2025, Marsh filed a motion for

temporary restraining order in the Delaware State Court Action and asked the Delaware court to expedite proceedings over the same core set of issues. (Yaeger Decl. at ¶ 5). As such, the duplicative Delaware State Court Action is likely to move forward quickly.

###### D.    Marsh's and Howden's Citizenship.

Marsh brings this action under the Court's diversity jurisdiction. (Compl., ECF No. 1 at ¶ 29 ("The Court has jurisdiction over this action under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. Marsh is a citizen of Delaware and New York."). It is indisputable that Marsh and Howden are both citizens of Delaware and, therefore, Howden would be a non-diverse party for purposes of federal diversity jurisdiction. (*See id.*; *see also* Delaware Compl., Ex. B at ¶¶ 16, 19-20, 22).

## LEGAL STANDARDS

###### A.    Failure to Join an Indispensable Party.

Federal Rule of Civil Procedure 12(b)(7) permits dismissal of a complaint for "failure to join a party under Rule 19." A court may consider materials outside of the pleadings when considering a motion brought under Rule 12(b)(7). *Murphy v. Morlitz*, No. 15-CV-7256 (VSB), 2017 WL 4221472, at *4 (S.D.N.Y. Sept. 21, 2017), *aff'd*, 751 F. App'x 28 (2d Cir. Sept. 21, 2018) (citing *Dunmann Realty, LLC v. Faust*, 267 F.R.D. 101, 101 n.1 (S.D.N.Y. 2010)).

"First, the court must determine whether an absent party belongs in the suit, *i.e.*, whether the party qualifies as a 'necessary' party under Rule 19(a)." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000), *abrogated on other grounds as stated in Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 179 (2d Cir. 2007); *see also Fagioli S.p.A. v. Gen. Elec. Co.*, No. 14-CV-7055 (AJN), 2014 WL 12768461, at *1 (S.D.N.Y. Nov. 25, 2014) (applying *Viacom*'s Rule 19 analytical framework). If a person qualifies as a necessary (or, as the text of

Rule 19(a) itself now says, if he qualifies as "required"), he must be joined if he is also "subject to service of process" and his joinder "will not deprive the court of subject matter jurisdiction." Fed. R. Civ. P. 19(a). If a party does not qualify as "necessary," that is the end of inquiry; the court need not decide whether that party's absence warrants dismissal under Rule 19(b). *Viacom*, 212 F.3d at 724. But if he does qualify as required, there is a second step. "[W]here the court makes a threshold determination that a party is necessary under Rule 19(a), and joinder of the absent party is not feasible *for jurisdictional* or other reasons, . . . the court must finally determine whether the party is 'indispensable'" under Rule 19(b). *Viacom*, 212 F.3d at 725 (emphasis added). And "[i]f the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b)." *Id.* (citations omitted). Rule 19(b) provides:

> (b) When Joinder Is Not Feasible. *If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.* The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b) (emphasis added).

Accordingly, Rule 19(b) provides a mechanism for the dismissal of an action if the court cannot join an indispensable party because doing so is infeasible for any reason, including that

joinder of the party will destroy diversity jurisdiction. *See Vision en Analisis y Estrategia, S.A. de C.V. v. Andersen*, No. 14–CV–8016, 2015 WL 4510772, at \*5 (S.D.N.Y. July 24, 2015), *aff'd*, 662 Fed. App'x 29 (2d Cir. Oct. 5, 2016). That requires the Court to first consider whether the absent party is necessary under Rule 19(a), whether joinder of the absent party is feasible, and, if not, whether the absent party is indispensable such that the case must be dismissed under the factors set out in Rule 19(b). *See id.* at \*5-6; *see also Baldwin v. Interscope Recs., Inc.*, No. 19-CV-8923 (JGK), 2021 WL 847976, at \*3 (S.D.N.Y. Mar. 4, 2021).

"When determining whether a party is necessary and indispensable under Rule 19, a court should generally 'base its decision on the pleadings as they appear at the time of the proposed joinder.'" *Baldwin*, 2021 WL 847976, at \*4 (quoting *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1124 (2d Cir. 1990)). "The burden is on the moving party 'to show the nature of the unprotected interests of the absent individuals . . . and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence.'" *Id.* (quoting *United States v. Sweeny*, 418 F. Supp. 2d 492, 499 (S.D.N.Y. 2006)). "'If the initial assessment reveals the possibility that an unjoined party is required to be joined under Rule 19, the burden shifts to the opposing party to negate this conclusion.'" *Id.* (quoting *Sweeny*, 418 F. Supp. 2d at 499).

**B.    The *Colorado River* Abstention Doctrine.**

As noted above, Howden recently filed a motion to intervene in this action. (Howden Mot., ECF No. 41). In that motion, Howden argues that the Court should exercise its discretion to abstain from ruling on Marsh's claims in this action based on the *Colorado River* abstention doctrine. (*Id.* at 14-17). In the interests of judicial economy, the Individual Defendants hereby join, adopt, and incorporate by reference as if set forth fully herein all of Howden's legal authorities and arguments on the abstention issue. For the reasons Howden argues in its motion, the *Colorado River* abstention doctrine overwhelmingly supports abstention in favor of the first-filed, parallel New

York State Court Action. (*Id.*). As a result, the Court should abstain from ruling on Marsh's claims here—including the request for a temporary restraining order and injunction—and should dismiss this action in favor of the New York State Court Action. (*Id.*).

## ARGUMENT

**A.    The Complaint Should Be Dismissed Because Marsh Failed to Join Howden as an Indispensable Party.**

### 1.    Howden Is a Necessary Party Under Rule 19(a).

The two-step analysis under Rule 19 requires first "determining whether a party is 'required to be joined if feasible' under Rule 19(a)." *Vision*, 2015 WL 4510772, at *5; *see also* Fed. R. Civ. P. 19(a). Rule 19(a)(1) states in relevant part that a party must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B).

Under Rule 19(a)(1)(A), the Court cannot accord complete relief among the existing parties—*i.e.*, Marsh and the Individual Defendants. Marsh's own filings support this conclusion because in its proposed injunction, Marsh seeks to bar the Individual Defendants from breaching their duties "directly *or through others*," (*see* Proposed Order, ECF No. 14 at 1-4 (emphasis added)), implicitly acknowledging that effective relief requires restraining Howden's conduct. Without Howden in the case, the Court cannot practically ensure Marsh obtains the full injunctive

relief it seeks, because Howden – as a non-party – would remain free to act.  In other words, even "relief among those already parties" would be incomplete if Howden were absent.

Under Rule 19(a)(1)(B)(i), there can be no question that Howden claims an interest relating to the subject of this action:  the enforceability of the alleged restrictive covenants and any relief granted in connection therewith.  Based on Marsh's own admissions in its complaint here, the Individual Defendants have resigned their employment at Marsh, have accepted offers to work for Howden, and intend to be employed by Howden at the conclusion of their notice periods with Marsh.  Howden claims a direct and substantial interest in the Individual Defendants' ability to begin work with Howden pursuant to their offers of employment and to service clients at Howden.  Moreover, Howden's attempt to intervene in this action to protect its interests illustrates that Howden actively claims an interest relating to the subject matter of the action.  (*See* Howden Mot., ECF Nos. 40-41).[4]

There can also be no question that Howden is so situated that disposing of this action in Howden's absence will, as a practical matter, impair and impede Howden's ability to protect its interests.  If the Court adjudicates the enforceability or alleged breach of the Individual Defendants' restrictive covenants without Howden's presence and input, there can be little doubt that Marsh will argue that such determinations have direct bearing on Howden's ability to utilize its new employees and to service its United States clients.  Howden has extended offers of employment to the Individual Defendants, which have been accepted.  Further, three of the Individual Defendants are scheduled to begin work at Howden on September 19 when their contractual notice periods with Marsh end, and Layton is already working at Howden.  (*See*

---

[4]    Rule 19 and Rule 24(a)(2)—intervention as of right—are "intended to mirror each other." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006).

Compl., ECF No. 1 at ¶¶ 41-42, 46, 59, 102).  The injunctive relief that Marsh also seeks directly in the Delaware State Court Action against Howden confirms Howden's interest in the subject of the action here, as Marsh is seeking there to prohibit Howden from working with the Individual Defendants while simultaneously seeking here to prohibit the Individual Defendants from working with Howden.  In short, Howden must have the opportunity to be heard on the questions of whether the restrictive covenants at issue are enforceable—because they, in fact, are not—and any adjudication of that issue may impact and impair Howden's interests in its relationships with its soon-to-be employees and its clients.

Moreover, there is little doubt that Marsh will argue that both the Individual Defendants and Howden should be held to account in both the New York and Delaware State Court Actions for any decisions this Court makes with respect to the restrictive covenants.  Howden must be allowed to defend its rights and interests on all fronts where Marsh is actively attacking them. Excluding Howden will most certainly impair or impede Howden's ability to do so before this Court as well as in the other state court actions.  Beyond its business interests, Howden also has a legal interest in avoiding the substantial risk of inconsistent rulings and injunctions between this Court and the New York and Delaware State Court Actions.  If Marsh cannot obtain an injunction in this case, where Howden currently has no say, including with respect to the pending motion for preliminary injunctive relief, Marsh will certainly try again in the Delaware State Court Action, where the Individual Defendants will have no say and a motion for preliminary injunction was also recently filed.  Likewise, if Marsh obtains an injunction in this case, it will certainly trumpet that fact in both the New York and Delaware State Court Actions, seriously prejudicing Howden's ability to litigate those matters.  Either way, the cases will affect each other.

Under Rule 19(a)(1)(B)(ii), there can be no doubt that Howden's absence will leave the Individual Defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of Howden's interest.  An injunction against the Individual Defendants (enforcing their restrictive covenants) would potentially conflict with their obligations to Howden as their soon-to-be new employer.  Each Individual Defendant has accepted offers to join Howden after the conclusion of their notice periods with Marsh; if a federal injunction prevents them from working for Howden, they face a potential conflict between complying with the injunction and complying with their employment contracts with Howden.  This is precisely the kind of conflicting obligation that Rule 19(a)(1)(B)(ii) is meant to prevent.

As an aside, Marsh may attempt to argue that Howden is a mere joint tortfeasor whose absence is permissible under *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) or other precedent. But that principle is inapposite here.  In a typical tort case, a plaintiff can recover full damages from one of multiple joint tortfeasors, making each one independently liable.  Here, however, Marsh seeks injunctive and declaratory relief that, by its very nature, requires all key players to be before the Court, including *Howden*.  Unlike a money judgment, moreover, the proposed injunction here cannot effectively operate in a vacuum against only some participants in the alleged conduct.

At base, every prong of the Rule 19(a) analysis strongly supports a finding that Howden is a necessary party to this litigation that is required to be joined, if feasible.

### 2.    Howden Is an Indispensable Party Under Rule 19(b) Whose Joinder Is Infeasible Because It Would Destroy Diversity Jurisdiction.

The second step of the two-part analysis under Rule 19 requires the Court to "determine whether joinder of that party is feasible in the face of jurisdictional or other concerns." *Vision*, 2015 WL 4510772, at *3. Here, the infeasibility of joining Howden is beyond dispute because doing so would destroy diversity jurisdiction based on Marsh's and Howden's mutual citizenship in Delaware. (Compl., ECF No. 1 at ¶ 29; Delaware Compl., Ex. B at ¶¶ 16, 19-20, 22).

As a threshold matter, decisions by and within the Second Circuit have held that "the district court should take a 'flexible approach' under Rule 19(b) when deciding whether parties are indispensable" but have also admonished that "'very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible.'" *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002) (quoting *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir. 1987) and omitting citations). This case is one of the "very few" because Howden's nonjoinder makes a just resolution impossible. Every key issue raised by the complaint (*e.g.*, enforceability of restrictive covenants, ability to service clients, ability to speak to other employees, and protection of confidential information) directly involves Howden—as illustrated by the allegations of the complaint here and in the Delaware State Court Action.

Continuing with the Rule 19(b) analysis, "[i]f joinder is infeasible, but the court determines that a party is indispensable under Rule 19(b), then the court must dismiss the action." *Vision*, 2015 WL 4510772, at *3. Specifically, Rule 19(b) states "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the

14

action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Rule 19(b) further states that the relevant factors for this determination are:

1.    the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

2.    the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;

3.    whether a judgment rendered in the person's absence would be adequate; and

4.    whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* at 19(b)(1)-(4). "The Second Circuit has restated the Rule 19(b) factors as: '(1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit.'" *Montauk Highway LLC v. Glob. Partners LP*, 296 F.R.D. 94, 99 (E.D.N.Y. 2013) (quoting *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 133 (2d Cir. 2013)). All these factors weigh in favor of finding in equity and good conscience that Howden is indispensable and the case should be dismissed.

First, a judgment rendered in Howden's absence would certainly prejudice Howden. For all the same reasons explained above with regard to Rule 19(a), Howden would suffer extreme prejudice if this Court were to adjudicate Marsh's claims in Howden's absence. If the Court finds the restrictive covenants at issue are enforceable as against the Individual Defendants, then Marsh will certainly be heard to argue that Howden may not be able to utilize its new employees. Moreover, Howden runs the substantial risk of inconsistent court rulings and judgments across the three pending cases. It would be particularly prejudicial to Howden if this Court were to adjudicate

Marsh's claims first here and, as a result, preclude Howden from obtaining any relief in the first-filed, parallel New York State Court Action where Howden is a party.

Second, the extreme prejudice Howden would suffer cannot be lessened by protective provisions in the judgment, shaping the relief, or other measures. It is extremely difficult to imagine any form of final judgment in this case that could adequately protect Howden's interests if Howden is not a party. Marsh seeks an adjudication regarding the enforceability of the employees' restrictive covenants—the core foundation of Marsh's claims against Howden in the Delaware State Court Action and the basis for Howden's declaratory judgment claims in the first-filed New York State Court Action. No shaping of the relief or other measures could possibly lessen the prejudice Howden faces if it is not allowed to be heard in this action. Nor could any form of judgment, shaping of relief, or other measures lessen the prejudice Howden faces with respect to its ability to fulfill its employment offers and contracts with the Individual Defendants if this case is decided adversely to the Individual Defendants.

Third, a judgment rendered in Howden's absence would be inadequate because Howden itself—as a non-party—would not be bound by any part of the judgment, but at the same time the Individual Defendants would be prohibited from engaging in certain conduct with Howden. The Individual Defendants do not concede that Marsh's claims in this regard have any merit, but the salient point is that a judgment against the Individual Defendants would not afford Marsh adequate relief under the circumstances alleged. A judgment would also be inadequate because it would leave unresolved Howden's liability, if any, as a party alleged to be playing a major role in the core set of facts argued for liability.

Fourth, Marsh has an adequate remedy if this action is dismissed for nonjoinder because it is already a party to the first-filed New York State Court Action—with parties available and/or

already at the table.  Indeed, nothing precludes it from asserting its claims—as counterclaims—in that action, where virtually identical disputes are already in motion.

Based on the foregoing, the inescapable conclusion is that Howden is an indispensable party whose joinder as a defendant is infeasible due to the resulting loss of diversity jurisdiction, necessitating dismissal of this action in its entirety with prejudice.  *See Torrington Co. v. Yost*, 139 F.R.D. 91, 93-94 (D.S.C. 1991) (dismissing former employer's complaint against employee for trade secret violations under Rule 19(b) where former employer failed to join the employee's non-diverse new employer as an indispensable party); *see also Homeamerican Credit, Inc. v. Vermillion*, 1997 WL 793047, at *5-6 (E.D. Pa. Dec. 10, 1997) (analogizing to *Torrington* in dismissing former employer's complaint against employees' current employer for, among other allegations, tortious interference with a contract, trade secret violations, and civil conspiracy under Rule 19(b) where former employer failed to join its former employees as indispensable parties).

### B.    The Court Should Resolve the Jurisdictional Implications of this Motion Before Wasting Any Judicial Resources on Marsh's Pending Motion for Equitable Relief.

As set forth above, the resolution of this motion to dismiss under Rules 12(b)(7) and 19 calls into question the Court's continuing subject-matter jurisdiction, potentially resulting in a dismissal with prejudice of Marsh's complaint in favor of the first-filed proceeding in the New York State Court Action.  Rule 19(b) determinations are jurisdictional in the sense that if a non-diverse party—like Howden here—is indispensable, the case must be dismissed (because the court lacks jurisdiction to proceed without that party).  The United States Supreme Court has admonished that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Applying this axiomatic principle here, this Court should

prioritize over all other considerations—including Marsh's pending motion for temporary restraining order, expedited discovery, and preliminary injunction—the question posed in this motion: whether diversity jurisdiction is destroyed because Howden is a non-diverse, indispensable party whose joinder is infeasible, requiring the Court to dismiss the action. That question speaks to the Court's power to adjudicate at all. Otherwise, the Court stands to waste its already strained judicial resources to rule on Marsh's pending motions only to potentially have all that work undone if the instant motion is granted and subject-matter jurisdiction is lost.

Additionally, the Individual Defendants respectfully request expedited consideration of this motion out of a realistic concern that the other pending motions, including Marsh's motion for a temporary restraining order and preliminary injunction, may be resolved before the critical question of subject matter jurisdiction addressed by this motion is decided. Expedited consideration of this motion will serve the interests of judicial economy and efficiency by ensuring that the Court and the parties do not waste time and resources on the other motions if the case belongs in state court rather than federal court.

## CONCLUSION

For these reasons, Defendants Michael Parrish, Giselle Lugones, and Robert Lynn respectfully request that the Court: (1) dismiss with prejudice Plaintiff Marsh's complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(a)-(b) for failure to join Howden US Services, LLC ("Howden") as an indispensable party, (2) abstain from adjudicating Marsh's claims and dismiss the complaint under the abstention doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), based on the pendency of the New York State Court Action, and (3) grant such other relief as the Court deems just and proper.

Dated: August 7, 2025
  New York, New York

        Respectfully submitted,

        CARLTON FIELDS, P.A.

        By: */s/ Michael L. Yaeger*   
        Michael L. Yaeger
        405 Lexington Avenue, 36th Floor
        New York, New York 10174
        Telephone:  212.785.2577
        Facsimile:  212.785.5203
        Email:  myaeger@carltonfields.com

        *Attorneys for Defendants*
        *Michael Parrish, Giselle Lugones, and*
        *Robert Lynn*

**CERTIFICATION**

I hereby certify that this Memorandum of Law was produced on a computer using Microsoft Word 365 and contains 5,726 words, as determined by the computer software's word-count function, excluding the caption, any indices, table of contents, table of authorities, signature blocks, or any required certificates, pursuant to Local Civil Rule 7.1(c).


Dated: August 7, 2025
      New York, New York

                          By: */s/ Michael L. Yaeger*       
                               Michael L. Yaeger