# Exhibit 1

Lynn Declaration

# GIBSON DUNN

July 22, 2025

Jason C. Schwartz
Partner
T: +1 202.955.8242
M: +1 703.475.0363
jschwartz@gibsondunn.com

VIA ELECTRONIC MAIL AND OVERNIGHT DELIVERY

Mr. Robert Lynn
2384 Quail Roost Drive
Weston, FL 33327
robertlynnhome@aol.com

Re:   Your Continuing Legal Obligations to Marsh:

Dear Mr. Lynn:

***This is an important legal communication. If you are represented by an attorney, please share this letter with your attorney immediately.***

This firm has been engaged by Marsh USA LLC ("Marsh" or "the Company") in connection with your resignation to join Howden Group ("Howden") in coordination with a number of your colleagues and subordinates, as part of a concerted effort by Howden to usurp Marsh's business after Howden failed to successfully purchase a similar business, and with the intention of soliciting Marsh clients and employees on behalf of Howden.

As summarized below, as a Marsh employee with a 60-day notice period, and beyond your termination date, you remain subject to a number of legal obligations to Marsh, including but not limited to obligations contained in the Non-Competition and Non-Solicitation Agreement, Confidentiality Agreement, and Offer Letter entered into during your employment with Marsh (the "Agreements").[1] Marsh has learned of conduct by you, both prior to and following your resignation, in violation of various provisions contained in these Agreements. For example, we understand you've been soliciting Marsh employees. **Marsh demands that you immediately cease all conduct in violation of your continuing obligations as a Marsh employee and under your Agreements, and by this letter, you are put on notice that Marsh is prepared to take swift action in response to breaches of your common law, contractual or other legal obligations, including those prohibiting solicitation of Marsh clients, prospective clients and employees, interference with Marsh's business interests, and the use or disclosure of Marsh confidential information and trade secrets.**

**Non-Solicitation of Clients**

In exchange for access to Marsh's Confidential Information and Trade Secrets relating to Marsh's clients and prospective clients, you agreed that, in the event of separation from employment with Marsh, you would not for a period of twelve (12) months following such separation, directly or indirectly: (i) solicit clients or prospective clients of Marsh for the purpose of selling or providing products or services of the type sold or provided by you while employed by Marsh; (ii) induce

---

[1] The Confidentiality Agreement that you signed on June 10, 2021 is attached hereto as **Ex. A**. The Non-Competition and Non-Solicitation Agreement that you signed on June 10, 2021 is attached hereto as **Ex. B**. The Offer Letter you executed on September 30, 2021 is attached hereto as **Ex. C**. The Supplemental Terms and Conditions of Employment that you signed on June 10, 2021 is attached hereto as **Ex. D**.

Mr. Robert Lynn
July 22, 2025
Page 2

clients or prospective clients of Marsh to terminate, cancel, not renew, or not place business with Marsh; (iii) perform or supervise the provision or performance of services or provisions of products of the type sold or provided by you while you were employed by Marsh on behalf of any clients or prospective clients of Marsh; or (iv) assist others to do the acts specified in Section 2(b)(i)-(iii). *See* **Ex. B** § 2. This restriction applies to those clients or prospective clients of Marsh with which you had contact or about which you obtained Confidential Information and Trade Secrets during the last two (2) years of your employment with Marsh. *See id.* § 2(b).[2]

**Non-Solicitation of Employees**

You also acknowledged and agreed that you would not, both during employment with Marsh and for a period of twelve (12) months thereafter, either on your own account or on behalf of any person, company, corporation, or other entity, directly or indirectly, solicit or endeavor to cause covered employees of Marsh to leave employment with the company. *See* **Ex. B** § 3. This restriction applies to those employees of Marsh with whom you, during the last two (2) years of your employment with Marsh, came into contact for the purpose of soliciting or servicing business or about whom you obtained Confidential Information and Trade Secrets. *See id.*

**Non-Competition**

Further, you acknowledge and agreed that, in the event of separation from employment with Marsh, you would not for a period of twelve (12) months following your separation, directly or indirectly: (i) engage, in whole or in part, as an employee, employer, owner, operator, manager, advisor, consultant, contractor, agent, partner, director, officer, volunteer, intern, or any other similar capacity, in selling or providing products or services of the type sold or provided by you while employed by Marsh; (ii) perform or supervise the provision of performance of services or provision of products of the type sold or provided by you while you were employed by Marsh; or (iii) assist others to do the acts specified in Section 4(b)(i)-(iii). *See id.* § 4(b).

**Nondisclosure of Confidential Information and Trade Secrets**

You also contractually agreed that you would not, while associated with Marsh and for so long thereafter as the pertinent information or documentation remains confidential, for any purpose whatsoever, directly or indirectly use, disseminate or disclose to any other person, organization or entity Confidential Information or Trade Secrets, except as required to carry out your duties as an employee of Marsh and except as expressly authorized by the President or highest executive officer of Marsh. *See* **Ex. A** § 3(a).

---

[2] For purposes of this section, the term "contact" is defined as interaction between you and the client which takes place to further the business relationship or making (or assisting or supervising the performance or provision of) sales to or performing or providing (or assisting or supervising the performance or provision of) services or products for the client on behalf of Marsh. For purposes of this section, the term "contact" with respect to a "prospective" client means interaction between you and a potential client of Marsh which takes place to obtain the business of the potential client of Marsh.

Mr. Robert Lynn
July 22, 2025
Page 3

"Confidential Information and Trade Secrets" consist of and include:

(i) financial and business information relating to the Company, such as information with respect to costs, commissions, fees, profits, sales, markets, mailing lists, strategies and plans for future business, new business, product or other development, potential acquisitions or divestitures, and new marketing ideas;

(ii) product and technical information relating to the Company, such as product formulations, new and innovative product ideas, methods, procedures, devices, machines, equipment, data processing programs, software, software codes, computer models, and research and development projects;

(iii) client information, such as the identity of the Company's clients, the names of representatives of the Company's clients responsible for entering into contracts with the Company, the amounts paid by such clients to the Company, specific client needs and requirements, specific client risk characteristics, policy expiration dates, policy terms and conditions, information regarding the markets or sources with which insurance is placed, and leads and referrals to prospective clients;

(iv) personnel information, such as the identity and number of the Company's other employees, their salaries, bonuses, benefits, skills, qualifications, and abilities.

(v) any and all information in whatever form relating to any client or prospective client of the Company, including but not limited to, its business, employees, operations, systems, assets, liabilities, finances, products, and marketing, selling and operating practices;

(vi) any information not included in (i) or (ii) above which you know or should know is subject to a restriction on disclosure or which you know or should know is considered by the Company or the Company's clients or prospective clients to be confidential, sensitive, proprietary or a trade secret or is not readily available to the public;

(vii) Intellectual Property; and

(viii) Copyrightable Works.

*See* **Ex. A** Schedule 1 at (a). Confidential Information and Trade Secrets include such information in any form: oral, written or machine readable, including electronic files. *See id.* These obligations with respect to Marsh's Confidential Information and Trade Secrets were also incorporated by reference in your Non-Competition and Non-Solicitation Agreement. *See* **Ex. B** § 1.

Mr. Robert Lynn
July 22, 2025
Page 6

Sincerely,

GIBSON, DUNN & CRUTCHER LLP

Jason C. Schwartz

JCS