**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARSH USA LLC,

Plaintiff,

v.

MICHAEL PARRISH, GISELLE LUGONES, ROBERT LYNN, and JULIE LAYTON,

Defendants.

Civil Action No. 25-cv-6208 (GBD)

**COMBINED MEMORANDUM IN OPPOSITION TO HOWDEN'S MOTION TO INTERVENE, DEFENDANTS' MOTION TO DISMISS, AND HOWDEN'S AND DEFENDANTS' ORDERS TO SHOW CAUSE**

# TABLE OF CONTENTS


INTRODUCTION ........ 1

BACKGROUND ........ 3

STANDARD OF REVIEW ........ 4

ARGUMENT ........ 5

I. Howden Does Not Belong in This Case ........ 6

    A. Howden Is Not a Required or Indispensable Party Under Rule 19 ........ 6

    B. Howden Is Not Entitled to Intervene Under Rule 24 ........ 13

II. The Court Should Not Abstain ........ 17

CONCLUSION ........ 20

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*,
795 F.3d 351 (2d Cir. 2015)....4, 6

*Authors Guild v. Open AI, Inc.*,
345 F.R.D. 585 (S.D.N.Y. 2024)....17

*Aventura Techs. Inc. v. World of Residensea II Ltd.*,
646 F. App'x 92 (2d Cir. 2016)....18

*Bancorp Servs., LLC v. Am. Gen. Life Ins. Co.*,
2016 WL 4916969 (S.D.N.Y. Feb. 11, 2016)....6

*In re Bank of New York Derivative Litig.*,
320 F.3d 291 (2d Cir. 2003)....15

*Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*,
800 F.2d 325 (2d Cir. 1986)....20

*Building & Realty Inst. of Westchester & Putnam Cntys., Inc. v. New York*,
2020 WL 5667181 (S.D.N.Y. Sep. 23, 2020)....14, 15

*Burnett v. Physician's Online, Inc.*,
99 F.3d 72 (2d Cir. 1996)....18

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
250 F.3d 171 (2d Cir. 2001)....2, 14

*Calderon v. Clearview AI, Inc.*,
2020 WL 2792979 (S.D.N.Y. May 29, 2020)....17

*Capstone Logistics Holdings, Inc. v. Navarrete*,
2018 WL 6786338 (S.D.N.Y. Oct. 25, 2018)....8

*Carlone v. Lion & Bull Films, Inc.*,
861 F. Supp. 2d 312 (S.D.N.Y. 2012)....6

*Chen v. New Trend Apparel, Inc.*,
2014 WL 13108990 (S.D.N.Y. Sept. 24, 2014)....16

*Citizens Against Casino Gambling in Erie Cnty. v. Hogen*,
417 F. App'x 49 (2d Cir. 2011)....15

*Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co.*,
2008 WL 11395565 (S.D.N.Y. Aug. 13, 2008)....17

*Colorado River Water Conservation Dist. v. United States*,
424 U.S. 800 (1976)....1, 2, 4, 5, 6, 17, 18, 20

*ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*,
102 F.3d 677 (2d Cir. 1996)....1, 4, 6

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Crouse-Hinds Co. v. InterNorth, Inc.*,
634 F.3d 690 (2d Cir. 1980)....................9

*DiRienzo v. Philip Servs. Corp.*,
294 F.3d 21 (2d Cir. 2002)....................16

*Dittmer v. Cnty. of Suffolk*,
146 F.3d 113 (2d Cir. 1998)....................18

*duPont Glore Forgan, Inc. v. Arnold Bernhard & Co.*,
73 F.R.D. 313 (S.D.N.Y. 1976)....................11

*Estee Lauder Cos. v. Batra*,
430 F. Supp. 2d 158 (S.D.N.Y. 2006)....................20

*FDIC v. Four Star Holding Co.*,
178 F.3d 97 (2d Cir. 1999)....................18

*Fed. Ins. Co. v. SafeNet, Inc.*,
758 F. Supp. 2d 251 (S.D.N.Y. 2010)....................10

*First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*,
862 F. Supp. 2d 170 (S.D.N.Y. 2012)....................1, 7, 18

*Garfield v. Ocwen Loan Servicing, LLC*,
811 F.3d 86 (2d Cir. 2016)....................18

*Gentes v. Osten*,
2022 WL 16984686 (2d Cir. Nov. 17, 2022)....................18, 19, 20

*Great Atl. & Pac. Tea Co. v. Town of East Hampton*,
178 F.R.D. 39 (E.D.N.Y. 1998)....................15

*Gregory v. Daly*,
243 F.3d 687 (2d Cir. 2001)....................18

*Grimes v. CBS Corp.*,
2018 WL 3094919 (S.D.N.Y. June 21, 2018)....................10

*Gulino v. Bd. of Educ.*,
2009 WL 2972997 (S.D.N.Y. Sept. 17, 2009)....................15

*Gummybear Int'l, Inc. v. Soonova, LLC*,
2025 WL 1904244 (S.D.N.Y. July 10, 2025)....................11

*Henvill v. Metro. Transp. Auth.*,
2016 WL 519039 (S.D.N.Y. Feb. 5, 2016)....................18, 19

*IDG USA, LLC v. Schupp*,
416 F. App'x 86 (2d Cir. 2011)....................8

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*,
11 F.3d 399 (3d Cir. 1993)....13

*Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*,
815 F.2d 240 (2d Cir. 1987)....12

*Jerez v. Cooper Indus., Inc.*,
2003 WL 22126893 (S.D.N.Y. Sept. 12, 2003)....11

*Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*,
2024 WL 5154462 (S.D.N.Y. Dec. 18, 2024)....11

*Kaplan v. Reed Smith LLP*,
919 F.3d 154 (2d Cir. 2019)....19, 20

*Kumaran v. Northland Energy Trading, LLC*,
2025 WL 1982945 (S.D.N.Y. July 9, 2025)....10

*LeChase Constr. Servs., LLC v. Argonaut Ins. Co.*,
63 F.4th 160 (2d Cir. 2023)....17

*Lewis v. Trott*,
2020 WL 4747503 (S.D.N.Y. Aug. 17, 2020)....18

*Locke v. Tom James Co.*,
2013 WL 1340841 (S.D.N.Y. Mar. 25, 2013)....8

*Mar-Can Transp. Co. v. Local 854 Pension Fund*,
2022 WL 35588 (S.D.N.Y. Jan. 4, 2022)....10

*Marsh USA Inc. v. Karasaki*,
2008 WL 4778239 (S.D.N.Y. Oct. 31, 2008)....8

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
471 F.3d 377 (2d Cir. 2006)....1, 7, 9, 13, 14

*Mbadiwe v. Amazon.com, Inc.*,
2024 WL 1348854 (S.D.N.Y. Mar. 29, 2024)....16

*Mochary v. Bergstein*,
42 F.4th 80 (2d Cir. 2022)....17, 18

*N.Y. SMSA Ltd. P'ship v. Town of Philipstown*,
2018 WL 6619737 (S.D.N.Y. Dec. 18, 2018)....14

*Nelligan ex rel. Estate of Proia v. Cmnty. Gen. Hosp. of Sullivan Cnty.*,
240 F.R.D. 123 (S.D.N.Y. 2007)....10, 11, 12

*New York ex rel. James v. Rescue*,
705 F. Supp. 3d 104 (S.D.N.Y. 2023)....11

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**


*Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating Dist.*,
673 F.3d 84 (2d Cir. 2012)....2, 5, 17, 18, 19, 20

*Oneida Indian Nation of Wis. v. New York*,
732 F.2d 261 (2d Cir. 1984)....9

*Peregrine Myanmar Ltd. v. Segal*,
89 F.3d 41 (2d Cir. 1996)....6

*Philip Morris Inc. v. Heinrich*,
1996 WL 457292 (S.D.N.Y. Aug. 14, 1996)....16

*Prescription Plan Serv. Corp. v. Franco*,
552 F.2d 493 (2d Cir. 1977)....10

*Ravago Ams., LLC v. Ward*,
2019 WL 524266 (N.D. Ohio Feb. 11, 2019)....8

*Ray Legal Consulting Grp. v. DiJoseph*,
37 F. Supp. 3d 704 (S.D.N.Y. 2014)....6

*Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*,
725 F.2d 871 (2d Cir. 1984)....5, 13

*Rodriguez v. Pataki*,
211 F.R.D. 215 (S.D.N.Y. 2002)....16

*Santos v. Medina*,
2019 WL 1099806 (S.D.N.Y. Mar. 8, 2019)....6

*SEC v. Duffy*,
2021 WL 1164568 (S.D.N.Y. Mar. 25, 2021)....11

*Sheerbonnet, Ltd. v. Am. Express Bank Ltd.*,
17 F.3d 46 (2d Cir. 1994)....18

*Smulley v. Mut. of Omaha Bank*,
634 F. App'x 335 (2d Cir. 2016)....18

*Spectre Air Capital, LLC v. WWTAI AirOpCo II DAC*,
737 F. Supp. 3d 195 (S.D.N.Y. 2024)....9, 10, 14

*St. John's University, New York v. Bolton*,
450 F. App'x 91 (2d Cir. 2011)....14

*Sterling v. Deutsche Bank Nat'l Tr. Co.*,
2019 WL 4686549 (S.D.N.Y. Sept. 26, 2019)....18

*Swain v. Am. Auto. Accessories, Inc.*,
1997 WL 137442 (S.D.N.Y. Mar. 25, 1997)....6

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Temple v. Synthes Corp.*,
498 U.S. 5 (1990)....11

*In re Terrorist Attacks on September 11, 2001*,
2021 WL 4319428 (S.D.N.Y. Sept. 23, 2021)....15

*Texaco, Inc. v. Allied Chemical Corp.*,
1975 WL 21092 (S.D.N.Y. Sept. 17, 1975)....8

*Ticor Title Ins. Co. v. Cohen*,
173 F.3d 63 (2d Cir. 1999)....8

*Travis v. Navient Corp.*,
284 F. Supp. 3d 335 (E.D.N.Y. 2018)....16

*United States v. City of New York*,
198 F.3d 360 (2d Cir. 1999)....15

*United States v. IBM Corp.*,
1995 WL 366383 (S.D.N.Y. June 19, 1995)....16

*United States v. Pitney Bowes, Inc.*,
25 F.3d 66 (2d Cir. 1994)....5

*Urban Commons 2 W. LLC v. N.Y. Hotel & Motel Trades Council, AFL-CIO*,
2022 WL 826982 (S.D.N.Y. Mar. 18, 2022)....7

*Vill. of Westfield v. Welch's*,
170 F.3d 116 (2d Cir. 1999)....18, 19

*Wichita R.R. & Light Co. v. Pub. Utils. Comm'n*,
260 U.S. 48 (1922)....16

*William A. Gross Constr. Associates, Inc. v. Am. Mfrs. Mut. Ins. Co.*,
2009 WL 427280 (S.D.N.Y. Feb. 23, 2009)....12, 13

*Williams v. Lambert*,
46 F.3d 1275 (2d Cir. 1995)....18

*Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*,
239 F.3d 517 (2d Cir. 2001)....5, 17, 18, 20

*Youell v. Exxon Corp.*,
48 F.3d 105 (2d Cir. 1995)....18, 19

**Rules**

Fed. R. Civ. P. 12(b)(7)....3, 4, 6

Fed. R. Civ. P. 19....1, 4, 5, 6, 7, 9, 10, 11, 13

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

Fed. R. Civ. P. 19(a) ....... 4, 6, 7, 9, 10, 12, 13

Fed. R. Civ. P. 19(b) ....... 4, 6, 12, 13

Fed. R. Civ. P. 24 ....... 1, 2, 3, 4, 5, 6, 13

Fed. R. Civ. P. 24(a) ....... 4, 13

Fed. R. Civ. P. 24(b) ....... 5, 13, 14, 15

Fed. R. Civ. P. 26(f) ....... 20

Fed. R. Civ. P. 65(d) ....... 8, 11

## INTRODUCTION

The motions filed by non-party Howden (Dkts. 40–41) and the Defendants (Dkts. 49–50)—seeking dismissal, intervention, and abstention—should be denied. They are legally unsupported and fail under binding Second Circuit precedent. Howden is not a required party under Rule 19, is not entitled to intervene under Rule 24, and the circumstances do not remotely justify abstention under the *Colorado River* doctrine. The law is clear, and their arguments misapply it. Employers routinely sue former employees over violations of restrictive covenants without adding the competitor employers as defendants. There is nothing unique about this case that requires intervention, let alone dismissal.

*First*, Rule 19 does not require joinder of Howden. Marsh's claims in this case arise from employment agreements between Marsh and four former employees. The Second Circuit has repeatedly held that a third party to such contracts—like Howden—is not a necessary party merely because it may be affected by the outcome. *See, e.g.*, *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 682 (2d Cir. 1996); *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006). Neither Howden nor Defendants mention, let alone attempt to distinguish, this controlling precedent. Marsh seeks no relief against Howden in this action, and the Court can accord complete relief among the existing parties. Whether these four individuals are held to their contractual and common law obligations to Marsh, Howden's interests are not impaired in the least because Marsh's claims do not seek to invalidate any agreement with Howden, nor do they impose any obligations on Howden directly. Any impact on Howden would be incidental and derivative of the Defendants' own breaches—not a result of Howden's absence from the litigation. And there is no risk of inconsistent obligations because Marsh's claims are limited to enforcing duties owed by these former employees, and any injunctive relief would apply only to those individuals. Howden is not subject to any conflicting legal duties in this forum, and

any separate liability it may face—for example, in the Delaware action against it—is independent and does not create a risk of Howden being unable to comply with one court's order without breaching another.

*Second*, Howden is not entitled to intervene under Rule 24. Its asserted interest—its ability to work with the individual Defendants—is not legally protectable in this action. Courts routinely deny intervention where the proposed intervenor's interests are adequately represented by existing parties. *See, e.g.*, *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–81 (2d Cir. 2001). And that is certainly the case here. Marsh's claims concern breaches of contract and duties of loyalty by its former employees, the Defendants, not Howden. And Howden's interests are fully aligned with the Defendants', who are fully capable of vigorously defending their conduct.

*Third*, abstention under *Colorado River* is unwarranted. The doctrine applies only in exceptional circumstances, and none is present here. The federal forum is proper and convenient, the actions are not duplicative, and Marsh's claims are ripe for adjudication. The Second Circuit has adopted one of the most restrictive approaches to *Colorado River* abstention in the country, and courts in this District routinely reject abstention where, as here, the six governing factors do not support it. *See Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating Dist.*, 673 F.3d 84, 100–04 (2d Cir. 2012). Neither Howden nor the Defendants cite a single case from the past decade in which a court in this Circuit has abstained under *Colorado River*—let alone in circumstances remotely resembling this one.

These motions are not just legally flawed—they are tactical efforts to obstruct resolution of Marsh's claims and delay accountability for serious breaches of duty. The Defendants orchestrated a mass defection while still employed by Marsh, and Howden has positioned itself as the beneficiary of that raid. But the Court need not reach those broader implications to deny the

motions. They fail on the merits. The law is clear, the precedent is controlling, and the arguments advanced by Howden and the Defendants are unsupported. The Court should deny both motions and proceed to resolve Marsh's pending application for injunctive relief (Dkt. 14) without further delay.

## BACKGROUND

This case arises from the coordinated, simultaneous resignation of over 90 Marsh employees from its Florida Zone in one day, led by four senior executives—Michael Parrish, Giselle Lugones, Robert Lynn, and Julie Layton—who now seek to join Marsh's newly created direct competitor, Howden US Services LLC. Compl. ¶¶ 2, 5. Since that initial wave, the number of Marsh departures has grown to at least 105, with approximately 40 additional employees leaving Marsh affiliates—all joining Howden. Marsh filed this action to enforce restrictive covenants and fiduciary duties that each Defendant voluntarily undertook as a condition of their employment and extraordinary compensation. *See id.* ¶¶ 53–84, 194–201. The complaint alleges that, while still employed by Marsh, the Defendants solicited Marsh employees and clients, misused confidential information, and laid the groundwork for a mass defection to Howden. *See id.* ¶¶ 85–119.

Rather than respond to Marsh's claims on the merits, the Defendants and Howden have sought to derail much needed relief for Marsh through procedural maneuvering. On July 27, 2025—the night before Marsh filed this action—Howden, Parrish, Lugones, and another former Marsh employee filed a declaratory judgment action in New York Supreme Court seeking to invalidate the same restrictive covenants at issue here. *See* Dkt. 42-2 (Complaint, *Parrish v. Marsh & McLennan Cos.*, No. 654430/2025 (N.Y. Sup. Ct. July 27, 2025)).

Now, in this federal action, the Defendants move to dismiss under Rule 12(b)(7), arguing that Howden is an indispensable party whose joinder would destroy diversity jurisdiction. *See* Dkt. 50 (Defs.' Mem.) 10–17. Howden separately moves to intervene under Rule 24 and

(alongside Defendants) urges the Court to abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *See* Dkt. 41 (Howden Mem.) 8, 14; Defs.' Mem. 9–10. Both motions mischaracterize Marsh's claims and seek to delay resolution of the Defendants' contractual and fiduciary breaches. Marsh does not seek relief against Howden in this action. *See* Compl. at 50–51 (Prayer for Relief). Marsh already filed a separate action in Delaware Chancery Court against Howden and a related Delaware entity, asserting tortious interference and related claims with respect to Howden's larger scheme of hiring over 140 employees from not only Marsh but its affiliates, across various jurisdictions including Florida, Alabama, Missouri and Texas. *See* Dkt. 42-3 (Verified Complaint, *Marsh & McLennan Cos v. Howden US Servs., LLC*, No. 2025-0877-MTZ (Del. Ch. Aug. 1, 2025)). That court has not held a hearing on Marsh's request for injunctive relief, deferring consideration of that request pending developments in this action against these four former Marsh employees—including the September 4 hearing before this Court.

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join a required party is governed by Rule 19. The court must first determine whether the absent party is "required to be joined if feasible" under Rule 19(a). If so, but joinder is not feasible, the court must then determine under Rule 19(b) whether "in equity and good conscience" the action should proceed among the existing parties or be dismissed. *See ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 681–82 (2d Cir. 1996). Dismissal is warranted "'only when the defect cannot be cured and serious prejudice or inefficiency will result,'" *Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 357 (2d Cir. 2015).

A motion to intervene is governed by Rule 24. Intervention as of right under Rule 24(a)(2) requires the applicant to demonstrate a direct, substantial, and legally protectable interest in the subject matter of the litigation, and that the interest may be impaired by the disposition of the

action unless adequately represented by existing parties. *See Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 875 (2d Cir. 1984). Permissive intervention under Rule 24(b) is discretionary and may be granted only where the applicant's claim or defense shares a common question of law or fact with the main action, and where intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73–74 (2d Cir. 1994).

Abstention under the *Colorado River* doctrine is "'an extraordinary and narrow exception'" to the federal courts' "'virtually unflagging obligation'" to exercise jurisdiction. *Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813–14, 817 (1976)). Courts consider six factors, none of which is dispositive, and all of which are weighed against a heavy presumption in favor of jurisdiction. *See Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001).

## ARGUMENT

This case presents no basis for dismissal, intervention, or abstention. Marsh's claims are properly before this Court, and the Defendants' and Howden's efforts to complicate, obstruct, and delay this litigation by invoking Rule 19, Rule 24, and the *Colorado River* doctrine are legally and factually unsupported.

Howden is neither a required party nor entitled to intervene. Its interests are collateral to the breach of contract and fiduciary duty claims asserted against Marsh's former employees, and its conduct is already being litigated in a separate forum. The Defendants—whose legal positions and interests are aligned with Howden's—are fully capable of defending the conduct at issue.

As to abstention, the Second Circuit standard is stringent, permitting federal courts to decline jurisdiction under *Colorado River* only in truly exceptional circumstances. None is present here. The Court should deny the motions and proceed to adjudicate Marsh's claims on the merits.

## I. Howden Does Not Belong in This Case

Defendants and Howden seek to derail this litigation by arguing that Howden is a required party under Rule 19—necessitating dismissal under Rule 12(b)(7) due to lack of diversity—or, alternatively, that Howden should be permitted to intervene under Rule 24. *See* Defs.' Mem. 10–17; Howden Mem. 8–14. Both arguments fail under controlling Second Circuit precedent and the facts of this case.

### A. Howden Is Not a Required or Indispensable Party Under Rule 19

Rule 19 sets a high bar for compulsory joinder, and both the legal standard and the facts confirm that Howden is neither necessary under Rule 19(a) nor indispensable under Rule 19(b). Marsh's claims can and should proceed without Howden.

**1. Howden is not a required party.** The Second Circuit is clear: "[a] nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract." *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 682 (2d Cir. 1996); *see, e.g.*, *Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 358 (2d Cir. 2015); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996); *Santos v. Medina*, 2019 WL 1099806, at *9 (S.D.N.Y. Mar. 8, 2019); *Bancorp Servs., LLC v. Am. Gen. Life Ins. Co.*, 2016 WL 4916969, at *4 (S.D.N.Y. Feb. 11, 2016); *Ray Legal Consulting Grp. v. DiJoseph*, 37 F. Supp. 3d 704, 717–18 (S.D.N.Y. 2014); *Carlone v. Lion & Bull Films, Inc.*, 861 F. Supp. 2d 312, 324 (S.D.N.Y. 2012); *Swain v. Am. Auto. Accessories, Inc.*, 1997 WL 137442, at *2 (S.D.N.Y. Mar. 25, 1997). That principle squarely applies here. Marsh's claims arise from its employment agreements and employment relationship with its four former employees—not from any contract or

legal obligation involving Howden. Rule 19 doesn't require dragging in a third party just because it's adjacent to the dispute or may "be adversely affected by the outcome." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006); *cf.* Howden Mem. 10 (asserting it will be "adversely affect[ed]" by the outcome). While Howden may be part of the factual backdrop, its absence poses no barrier to adjudicating Marsh's claims.

Rule 19(a) requires joinder of a nonparty only if the court cannot afford complete relief among existing parties, or if the nonparty's absence would impair its ability to protect its interests or subject existing parties to inconsistent obligations. None of those conditions is met here. And Defendants cite no cases while purporting to apply Rule 19(a)—let alone cases endorsing dismissal in circumstances even remotely resembling this one. *See* Defs.' Mem. 10–13 (citing no pertinent case law in Section A.1, beyond merely quoting the Rule 19(a) standard). Here, complete relief is available among the existing parties; Howden's interests are not impaired by its absence; and there is no risk of inconsistent obligations.

*First*, complete relief is plainly available without Howden. Marsh's claims in this action are directed solely at four of its former employees—Michael Parrish, Giselle Lugones, Robert Lynn, and Julie Layton—for breach of contract and breach of their duty of loyalty. "[C]ontrary to [Defendants'] representations," Marsh does not seek any relief against Howden in this forum, nor does it "ask the Court to bind [Howden]." *Urban Commons 2 W. LLC v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, 2022 WL 826982, at *3 (S.D.N.Y. Mar. 18, 2022); *contra* Howden Mem. 13. The remedies Marsh seeks—injunctive relief and damages for the Defendants' violations of their contractual and fiduciary obligations (Compl. ¶ 50)—can be fully adjudicated "without [Howden] being a party to these proceedings." *Urban Commons*, 2022 WL 826982, at *3. As courts have consistently recognized, "[e]mployers routinely sue former employees over non-

competition" and other "violations without adding the competitor employers as defendants." *Ravago Ams., LLC v. Ward*, 2019 WL 524266, at *3 (N.D. Ohio Feb. 11, 2019); *see, e.g.*, *IDG USA, LLC v. Schupp*, 416 F. App'x 86 (2d Cir. 2011) (summary order); *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63 (2d Cir. 1999); *Locke v. Tom James Co.*, 2013 WL 1340841 (S.D.N.Y. Mar. 25, 2013) (Daniels, J.); *Marsh USA Inc. v. Karasaki*, 2008 WL 4778239 (S.D.N.Y. Oct. 31, 2008). Howden is no less dispensable than the competitor employers in any of those cases.

Nor does Howden's absence undermine the enforceability of the injunctive relief Marsh seeks against the Defendants. Courts routinely issue injunctions that "directly or indirectly" prohibit conduct by "others" (*see* Howden Mem. 6)—including by "persons who are in active concert or participation" with named parties. Fed. R. Civ. P. 65(d)(2)(C). Marsh's proposed order expressly bars the Defendants from soliciting clients or employees "directly or through others," and from using confidential information "or assisting others to do" so. Howden Mem. 6 (emphasis omitted) (quoting Dkt. 14). These provisions are standard. *See, e.g.*, *Capstone Logistics Holdings, Inc. v. Navarrete*, 2018 WL 6786338, at *33–35 (S.D.N.Y. Oct. 25, 2018) (Daniels, J.); *Locke*, 2013 WL 1340841, at *2, *6–9. And they are judicially enforceable against the Defendants—even without joining third parties alleged to be acting in "'concert'" with them. *See, e.g.*, *Texaco, Inc. v. Allied Chemical Corp.*, 1975 WL 21092, at *3 (S.D.N.Y. Sept. 17, 1975) (quoting Fed. R. Civ. P. 65(d)(2)(C)). The Defendants would remain subject to contempt sanctions if they violate the injunction by acting through others. Marsh does not seek to bind Howden directly, nor is any affirmative relief against Howden necessary to vindicate Marsh's claims in this forum. The relief sought is tailored to the Defendants' conduct and can be fully adjudicated and enforced without Howden's joinder.

*Second*, Howden's asserted interest—its "ability to work with the Individual Employees" (Howden Mem. 10)—is not impaired by its absence from this case. Rule 19(a)(1)(B)(i) requires more than "an interest, even a very strong interest," in the outcome. *MasterCard*, 471 F.3d at 387. It applies only when a party's ability to protect its interests would be compromised "*because*" it was not joined—such as in an "action to set aside a contract" to which the absent party is a signatory, *id.*; *see Crouse-Hinds Co. v. InterNorth, Inc.*, 634 F.3d 690, 701 (2d Cir. 1980), or in litigation to resolve title to land claimed by the absent party, *see Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265–66 (2d Cir. 1984) (cited at Howden Mem. 10).

That is not this case. Marsh is not attempting to void a contract *with Howden*, or to claim title to Howden's property; it is seeking to enforce a contract between Marsh and its former employees. That enforcement may have downstream "effect[s]" on Howden's "ability to work with" the Defendants. Howden Mem. 10, 17. But under binding Second Circuit law—unaddressed in Howden's brief—a party is not necessary under Rule 19 merely because a ruling would "impact . . . [its] rights under a separate contract." *MasterCard*, 471 F.3d at 387. That kind of downstream commercial interest is not cognizable under Rule 19.

In *MasterCard*, the Second Circuit held that Visa was not a necessary party to litigation between MasterCard and a third party, despite the potential impact on Visa's rights under a separate contract. 471 F.3d at 387. The court explained that Rule 19 does not require joinder simply because "the outcome of [a] case may impact a separate contract involving a different party." *Id.* That principle applies squarely here: Howden, like Visa, "is not a party" to the contract being enforced, and any impact on its interests would result from the Defendants' breach—not from Howden's absence. *Spectre Air Capital, LLC v. WWTAI AirOpCo II DAC*, 737 F. Supp. 3d 195, 212–13 (S.D.N.Y. 2024) (applying *MasterCard*). As Judge Failla recently put it in analogous

circumstances, "[i]f [Howden] is adversely affected by the outcome of this litigation, it will be because Defendant[s]" agreed to work with Howden "when Defendant[s] legally could not do so"—"*not* because [Howden] is absent from this litigation." *Id.* at 213 (emphasis added).

In any event, even if Howden could claim a cognizable interest in "work[ing] with the [i]ndividual" Defendants (Howden Mem. 10), those Defendants—whose legal positions are aligned with Howden's—already adequately represent that interest. They—by their own admission—"intend to be employed by Howden" (Defs.' Mem. 11) and are fully capable of defending the conduct at issue. *See, e.g.*, *Prescription Plan Serv. Corp. v. Franco*, 552 F.2d 493, 497–98 (2d Cir. 1977) (denying Rule 19 motion because absentees' interests are identical to defendants'); *Fed. Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 260 (S.D.N.Y. 2010) (same, where "Defendants have failed to articulate why the Dismissed Defendants' interests would not be adequately represented by the current parties to this action").

*Third*, there is no risk of inconsistent *obligations*. Courts in this District have drawn a sharp distinction between different forums reaching "inconsistent results" (Howden Mem. 2), on the one hand, and "inconsistent obligations," on the other. *See, e.g.*, *Nelligan ex rel. Estate of Proia v. Cmnty. Gen. Hosp. of Sullivan Cnty.*, 240 F.R.D. 123, 125 (S.D.N.Y. 2007) ("inconsistent . . . results" "are not . . . the same as" "[i]nconsistent obligations"); *see also Kumaran v. Northland Energy Trading, LLC*, 2025 WL 1982945, at *18 (S.D.N.Y. July 9, 2025); *Mar-Can Transp. Co. v. Local 854 Pension Fund*, 2022 WL 35588, at *3 (S.D.N.Y. Jan. 4, 2022); *Grimes v. CBS Corp.*, 2018 WL 3094919, at *1 (S.D.N.Y. June 21, 2018); *Fed. Ins. Co.*, 758 F. Supp. 2d at 258, 260. Rule 19(a)(1)(B)(ii) is concerned only with inconsistent obligations—where a party would be "unable to comply with one court's order without breaching another." *Kumaran*, 2025 WL 1982945, at *18 (quoting *Nelligan*, 240 F.R.D. at 125). That concern is entirely inapplicable here.

Marsh seeks to enforce employment agreements against its four former employees. Whether Howden is liable in tort for inducing those, among other, breaches is a separate question, pending in a separate court. And even if Howden were found liable there, it would be, at most, a joint tortfeasor. Courts "have made absolutely clear that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Jerez v. Cooper Indus., Inc.*, 2003 WL 22126893, at *1 (S.D.N.Y. Sept. 12, 2003). As the Supreme Court held in *Temple v. Synthes Corp.*, 498 U.S. 5 (1990), "it is not necessary for all joint tortfeasors to be named as defendants in a single law-suit"—and it is an abuse of discretion to order them joined under Rule 19. *Id.* at 7–8; *accord, e.g.*, *Nelligan*, 240 F.R.D. at 125; *duPont Glore Forgan, Inc. v. Arnold Bernhard & Co.*, 73 F.R.D. 313, 315 (S.D.N.Y. 1976). The fact that Marsh seeks injunctive relief does not change this analysis. The injunction here would run against the Defendants. And to the extent Howden plans to work in concert with them, courts routinely issue injunctions enforceable against parties acting "in active concert" with defendants under Rule 65(d), without requiring those third parties to be joined. Fed. R. Civ. P. 65(d)(2)(C); *see, e.g.*, *Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, 2024 WL 5154462, at *11 (S.D.N.Y. Dec. 18, 2024) (Daniels, J.); *SEC v. Duffy*, 2021 WL 1164568, at *1 (S.D.N.Y. Mar. 25, 2021) (Daniels, J.); *Gummybear Int'l, Inc. v. Soonova, LLC*, 2025 WL 1904244, at *4 (S.D.N.Y. July 10, 2025). As the court put it in *New York ex rel. James v. Rescue*, 705 F. Supp. 3d 104 (S.D.N.Y. 2023), to the extent the proposed "injunction seeks to bind those working in concert with Defendants, the Court is not troubled given that the Federal Rules of Civil Procedure expressly state that such individuals are bound by injunctions issued by federal courts." *Id.* at 139 n.37; *see* Fed. R. Civ. P. 65(d)(2)(C).

The mere fact that "courts in different forums may . . . reach different results" does not create the kind of legal inconsistency—regarding legal *obligations*—that Rule 19 is designed to

prevent. *Nelligan*, 240 F.R.D. at 125. Indeed, when "a plaintiff sues different defendants in different forums," there is simply "no risk that a defendant" like Howden, "who is sued in only one of those forums," will be subject to conflicting legal duties. *Id.* That kind of inconsistency is not just unlikely—it's legally impossible.

In short, Howden is not a required party under Rule 19(a). Its absence does not prevent the Court from granting complete relief, does not impair its ability to protect its interests, and does not expose the existing parties to inconsistent obligations.

**2. Even if the Court were to conclude that Howden is a required party, dismissal is still not warranted under Rule 19(b).** Rule 19(b) provides that where joinder of a required party is not feasible, the court must determine whether the action should proceed "in equity and good conscience." Fed. R. Civ. P. 19(b). That standard is met here, and the case should proceed without Howden.

As the court explained in *William A. Gross Construction Associates, Inc. v. American Manufacturers Mutual Insurance Co.*, Rule 19(b) requires a "careful and constructive consideration" of the equities, and "very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible." 2009 WL 427280, at *5 (S.D.N.Y. Feb. 23, 2009) (quoting *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir. 1987)).

Here, a judgment rendered in Howden's absence would be entirely adequate. Marsh seeks relief solely against its four former employees, and the Court can fully adjudicate those claims. Howden's absence does not prejudice its interests because its legal positions are fully aligned with the Defendants, who are vigorously defending their conduct. And even if Howden were ultimately found liable in tort elsewhere for inducing those breaches, it would (again) be, at most, a joint

tortfeasor. As *Gross* explains, "[t]he possibility that [a defendant] may bear the whole loss if it is found liable is not the equivalent of double liability. It is instead a common result of joint and several liability and should not be equated with prejudice." 2009 WL 427280, at *11 (quoting *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3d Cir. 1993)). Howden, like any joint tortfeasor, would be free to seek contribution from others if held liable elsewhere. And the only injunction issued here would run directly against the Defendants, not Howden.

Moreover, equity and good conscience strongly favor immediate adjudication. The Defendants orchestrated a coordinated departure while still employed, misappropriating Marsh's business and confidential information to benefit a direct competitor. Any delay in resolving Marsh's claims—particularly one engineered through procedural maneuvering—would compound the harm and prejudice Marsh's ability to protect its client relationships, workforce, and goodwill. Under these circumstances, Rule 19(b) weighs decisively against dismissal.

**B. Howden Is Not Entitled to Intervene Under Rule 24**

Because Howden is not a required party under Rule 19, its motion to intervene under Rule 24 fails—both as a matter of right under Rule 24(a)(2) and under the Court's discretionary authority to permit intervention under Rule 24(b).

**1. Howden cannot intervene as of right under Rule 24(a)(2).** That rule, like its "counterpart" Rule 19(a), *MasterCard*, 471 F.3d at 390, requires a direct, substantial, and legally protectable interest in the subject matter of the litigation. *See, e.g.*, *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 875 (2d Cir. 1984). Because Howden fails to satisfy Rule 19(a), *see* pp. 6–12, *supra*, its claim under Rule 24(a)(2) necessarily fails as well. *See MasterCard*, 471 F.3d at 390.

As discussed, Howden's asserted interest—in "work[ing] with the Individual Employees" (Howden Mem. 10)—is not legally protectable in this action. *See* pp. 9–10, *supra*; *see also*

*MasterCard*, 471 F.3d at 387; *Spectre Air*, 737 F. Supp. 3d at 213–14. Marsh has not named Howden as a defendant, nor does it seek any relief against Howden in this action (including injunctive relief). Marsh's claims concern breaches of contract and fiduciary duty by Marsh's four former employees. To the extent Howden wishes to defend its own actions, it can do so in the Delaware Court of Chancery, where Marsh and its affiliates have brought tortious interference and related claims against Howden not just with respect to the Marsh individuals named in this action, but with respect to contractual obligations owed to Marsh and other affiliates by former employees in a number of jurisdictions owing their own unique obligations to their former employer. That court has deferred its injunctive relief proceedings pending developments in this action. The Court of Chancery is the appropriate forum for Howden to defend because it is incorporated there and because the claims go beyond that of the four former employees at issue here. Moreover, Howden's interests are fully aligned with Defendants', who are vigorously defending their conduct. *See* p. 10, *supra*. Courts routinely deny intervention where the proposed intervenor's interests are aligned with existing parties—where the intervenors and defendants "incorporate by reference" each other's arguments (Defs.' Mem. 9)—and where those interests are actively being defended. *See, e.g.*, *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–81 (2d Cir. 2001); *St. John's University, New York v. Bolton*, 450 F. App'x 91, 84 (2d Cir. 2011) (summary order); *Building & Realty Inst. of Westchester & Putnam Cntys., Inc. v. New York*, 2020 WL 5667181, at *5 (S.D.N.Y. Sep. 23, 2020); *N.Y. SMSA Ltd. P'ship v. Town of Philipstown*, 2018 WL 6619737, at *2 (S.D.N.Y. Dec. 18, 2018).

**2. Nor does Howden qualify for permissive intervention under Rule 24(b).** Rule 24(b) permits intervention only where the applicant's claim or defense shares a common question of law or fact with the main action, and where intervention will not unduly delay or

prejudice the adjudication of the original parties' rights. Neither condition is satisfied here. Marsh's claims—whether Defendants breached their employment agreements and fiduciary duties—are distinct from defenses Howden might raise in a separate tort action. Howden's presence would not clarify or streamline the issues; it would complicate them. And it would do so for "n[o] . . . benefit"—Defendants already "adequately represent [Howden's]" interests. *Gulino v. Bd. of Educ.*, 2009 WL 2972997, at *4 (S.D.N.Y. Sept. 17, 2009).

The Second Circuit has recognized that "substantially the same factors [as govern intervention of right] are considered in determining whether to grant an application for permissive intervention." *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 300 n.5 (2d Cir. 2003). Because Howden fails to satisfy the requirements for intervention as of right, *see* pp. 13–14, *supra*, it also fails under Rule 24(b). *See, e.g.*, *In re Terrorist Attacks on September 11, 2001*, 2021 WL 4319428, at *11 (S.D.N.Y. Sept. 23, 2021).

Courts routinely deny permissive intervention where it would inject collateral issues into the litigation. *See, e.g.*, *United States v. City of New York*, 198 F.3d 360, 367–68 (2d Cir. 1999); *Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, 417 F. App'x 49, 51 (2d Cir. 2011). That is precisely what Howden seeks to do. Its intervention would shift the focus from the Defendants' contractual breaches to Howden's corporate conduct, creating unnecessary delay and prejudice to Marsh's efforts to obtain timely relief. *See, e.g.*, *Great Atl. & Pac. Tea Co. v. Town of East Hampton*, 178 F.R.D. 39, 45 (E.D.N.Y. 1998) (denying permissive intervention when the proposed intervenors "merely underline[d] issues already raised by the primary parties" and "inject[ed] a collateral issue into th[e] lawsuit that [would] only serve to delay and complicate the proceedings to the prejudice of [the] plaintiff without assisting in the resolution of the central issue before the [c]ourt"); *Building & Realty Inst. of Westchester & Putnam Cntys.*, 2020 WL 5667181,

at *7 (denying permissive intervention); *Rodriguez v. Pataki*, 211 F.R.D. 215, 219 (S.D.N.Y. 2002) (same). It would also expand the scope of discovery, further complicating the proceedings. *See, e.g.*, *Philip Morris Inc. v. Heinrich*, 1996 WL 457292, at *1 (S.D.N.Y. Aug. 14, 1996) (denying permissive intervention); *United States v. IBM Corp.*, 1995 WL 366383, at *6 (S.D.N.Y. June 19, 1995) (same).

Howden's own briefing confirms that litigation is not its true objective. Footnote 2 of its memorandum gives the game away: Howden openly argues that its intervention would defeat diversity jurisdiction. Howden Mem. 14. It is "not seek[ing] to intervene to *participate*" in this litigation—it is attempting to manufacture a jurisdictional defect to *obstruct* adjudication. *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 346–47 (E.D.N.Y. 2018) (Bianco, J.) (emphasis added) (denying intervention); *cf.* Howden Mem. 17 ("the Court should abstain"). That tactic underscores why intervention should be denied.

If Howden were correct that its intervention would "impact diversity jurisdiction" (Howden Mem. 14 n.2), that would only highlight the prejudice to the original parties. As this Court has recognized, allowing a non-diverse intervenor to defeat jurisdiction is "highly prejudicial" to the plaintiff's choice of forum and should be rejected. *Chen v. New Trend Apparel, Inc.*, 2014 WL 13108990, at *2 (S.D.N.Y. Sept. 24, 2014) (Daniels, J.); *see also Mbadiwe v. Amazon.com, Inc.*, 2024 WL 1348854, at *4 (S.D.N.Y. Mar. 29, 2024) (denying intervention that would usurp "the original parties' right to proceed before the court of their choosing"); *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 28 (2d Cir. 2002) (acknowledging a "strong . . . presumption" in favor of plaintiff's "choice of forum").

In any event, Howden's jurisdictional theory is wrong; diversity jurisdiction is not defeated by the addition of a non-diverse, non-indispensable intervening defendant. *See, e.g.*, *Wichita R.R.*

*& Light Co. v. Pub. Utils. Comm'n*, 260 U.S. 48, 53–54 (1922); *Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co.*, 2008 WL 11395565, at *3 (S.D.N.Y. Aug. 13, 2008). The Court should not permit Howden to intervene solely to inject meritless jurisdictional arguments that have nothing to do with the parties' dispute. Any delay resulting from such tactics would be highly prejudicial to Marsh, which continues to suffer ongoing harm from the coordinated raid and urgently seeks injunctive relief to prevent further damage. As courts in this District have repeatedly held, "intervention for the sole cause of" seeking to "dismis[s], sta[y], or transfe[r] an action—the very action sought here—is prejudicial" and must be denied. *Authors Guild v. Open AI, Inc.*, 345 F.R.D. 585, 592 (S.D.N.Y. 2024) (quoting *Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, at *8 (S.D.N.Y. May 29, 2020)).

## II. The Court Should Not Abstain

Howden and the Defendants ask the Court to "abstain" from adjudicating Defendants' misconduct under the *Colorado River* doctrine. Howden Mem. 17; Defs.' Mem. 10. But *Colorado River* is not a shield from accountability. It is a "'narrow exception'" to the federal courts' "'virtually unflagging obligation'" to exercise jurisdiction. *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Neither Howden nor the Defendants come close to satisfying the doctrine's demanding standard.

The Second Circuit applies a "heavy presumption against abstention," permitting it only in "exceptional circumstances." *LeChase Constr. Servs., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 166, 173 (2d Cir. 2023) (cleaned up); *accord Mochary v. Bergstein*, 42 F.4th 80, 85 (2d Cir. 2022); *Woodford v. Cmty. Action Agency of Greene Cnty.*, 239 F.3d 517, 522 (2d Cir. 2001). District courts have "'little or no discretion to abstain'" absent a clear showing that six governing factors support it. *LeChase Constr.*, 63 F.4th at 173 (quoting *Niagara Mohawk*, 673 F.3d at 99).

This Court has consistently enforced that standard, rejecting abstention where the factors do not align. *See Lewis v. Trott*, 2020 WL 4747503, at *3 (S.D.N.Y. Aug. 17, 2020) (Daniels, J.); *Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 4686549, at *3 (S.D.N.Y. Sept. 26, 2019) (Daniels, J.); *Henvill v. Metro. Transp. Auth.*, 2016 WL 519039, at *2–4 (S.D.N.Y. Feb. 5, 2016) (Daniels, J.). The Second Circuit likewise routinely reverses abstention decisions that fail to meet the doctrine's stringent requirements.[1]

Measured against this standard, the six *Colorado River* factors—each presumed to weigh against abstention—confirm that Howden and the Defendants' request cannot be sustained. *See Woodford*, 239 F.3d at 522–23. Tellingly, Howden and the Defendants fail even to mention the first two factors, underscoring the lack of any serious basis for abstention. And notably, they do not cite any case from the past decade in which a court in this Circuit has abstained under *Colorado River*—let alone in circumstances remotely resembling this one. *Cf. First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 192 (S.D.N.Y. 2012) (cited at Howden Mem. 15) (state action preceded federal case by "five years," not—as here—less than two days). That silence underscores how rarely abstention is granted—and how far their request strays from the doctrine's narrow bounds.

[1] *See Gentes v. Osten*, 2022 WL 16984686, at *4 (2d Cir. Nov. 17, 2022) (summary order); *Mochary*, 42 F.4th at 86–88; *Garfield v. Ocwen Loan Servicing, LLC*, 811 F.3d 86, 93 (2d Cir. 2016); *Smulley v. Mut. of Omaha Bank*, 634 F. App'x 335 (2d Cir. 2016) (summary order); *Aventura Techs. Inc. v. World of Residensea II Ltd.*, 646 F. App'x 92, 94–96 (2d Cir. 2016) (summary order); *Niagara Mohawk*, 673 F.3d at 100–04; *Woodford*, 239 F.3d at 522–26; *Vill. of Westfield v. Welch's*, 170 F.3d 116, 120–25 (2d Cir. 1999); *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 101–02 (2d Cir. 1999); *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 117–18 (2d Cir. 1998); *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76–78 (2d Cir. 1996); *Youell v. Exxon Corp.*, 48 F.3d 105, 108–14 (2d Cir. 1995), *vacated on other grounds*, 516 U.S. 801 (1995); *see also Gregory v. Daly*, 243 F.3d 687, 701–02 (2d Cir. 2001) (denying abstention request); *Williams v. Lambert*, 46 F.3d 1275, 1281–84 (2d Cir. 1995) (same); *Sheerbonnet, Ltd. v. Am. Express Bank Ltd.*, 17 F.3d 46, 49–50 (2d Cir. 1994) (same).

**(1) Jurisdiction over a res:** "This is not an in rem action, and neither the federal district court nor the New York state cour[t] ha[s] assumed jurisdiction over any res or property. . . . This factor therefore weighs against abstention." *Niagara Mohawk*, 673 F.3d at 101.

**(2) Inconvenience of the federal forum:** There is none. Marsh is headquartered in New York (Compl. ¶ 12; Dkt. 42-2 ¶ 18), the employment agreements designate New York as the forum (Compl. ¶ 30; Dkt. 42-2 ¶ 6; Howden Mem. 4 n.1), and all parties are represented by New York counsel. Most notably, Howden and certain Defendants chose to file their own declaratory judgment action in New York. Defs.' Mem. 2; Howden Mem. 4–5; *see* Dkt. 42-2 (New York complaint). The "federal forum is just as convenient as the state" forum. *Youell*, 48 F.3d at 113; *see also Niagara Mohawk*, 673 F.3d at 101. This factor, too, weighs against abstention. *See Vill. of Westfield*, 170 F.3d at 122 ("We have held that where the federal court is 'just as convenient' as the state court, that factor favors retention of the case in federal court.").

**(3) Avoidance of piecemeal litigation:** Howden (Mem. 16) and the Defendants (Mem. 9–10) invoke this factor, but "'[a]ny case involving parallel proceedings presents a risk of duplicative litigation.'" *Henvill*, 2016 WL 519039, at *3. That risk alone does not justify abstention. *See id.* Moreover, "staying the instant litigation will not avoid piecemeal litigation." *Gentes*, 2022 WL 16984686, at *3. The claims against the Defendants—based on their employment agreements and alleged breaches thereof—are distinct from the claims against Howden. The proceedings are not duplicative; they are complementary. And any judgment here will bind the Defendants in the New York State action and preclude relitigation of those issues "by principles of res judicata and collateral estoppel." *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 158 (2d Cir. 2019) (affirming denial of abstention). This factor weighs against abstention.

**(4) Order in which jurisdiction was obtained:** This factor turns not merely on which action "was . . . first-filed" (Howden Mem. 16)—let alone by only "two days" (*id.* at 5)—but on "how much progress has been made in the two actions." *Niagara Mohawk*, 673 F.3d at 102 (internal quotation marks omitted). Here, the federal case has progressed further: Marsh has moved for injunctive relief (Dkt. 14), and the Court has set a briefing schedule (Dkt. 62). The parties have also already held their Rule 26(f) conference and will soon commence discovery. Marsh has also moved to dismiss the state court action. And even if "the progress of the two actions [were] substantially equal," the factor would at best be neutral. *Estee Lauder Cos. v. Batra*, 430 F. Supp. 2d 158, 168 (S.D.N.Y. 2006). Under *Colorado River*, "a neutral factor counsels against abstention." *Niagara Mohawk*, 673 F.3d at 102.

**(5) Source of law:** This case turns on straightforward questions of New York law. That makes the source-of-law factor neutral at best. *See Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986). And neutrality again weighs against abstention. *See Woodford*, 239 F.3d at 522 ("[T]he facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it.").

**(6) Adequacy of the state forum:** The state forum is adequate, but adequacy alone does not justify abstention. The Second Circuit treats this factor as neutral, which as before weighs against abstention. *See Kaplan*, 919 F.3d at 158–59.

Because none of the six factors supports abstention—and because neutrality itself weighs against it—the Court should deny the motions and retain jurisdiction.

## CONCLUSION

The Court should reject Defendants' attempt to sidestep accountability through procedural maneuvering. The Court should deny both motions and proceed to resolve Marsh's claims without delay.

Dated: August 21, 2025

Respectfully submitted,

*/s/ Harris M. Mufson*

Harris M. Mufson
Lee R. Crain
Kelly Herbert
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
212.351.4000
hmufson@gibsondunn.com
lcrain@gibsondunn.com
kherbert@gibsondunn.com

Jason C. Schwartz†
Ryan C. Stewart†
Amanda C. Machin†
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
202.955.8500
jschwartz@gibsondunn.com
rstewart@gibsondunn.com
amachin@gibsondunn.com

Karl G. Nelson*
Rachel W. Robertson*
Brian A. Richman
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
214.698.3100
knelson@gibsondunn.com
rrobertson@gibsondunn.com
brichman@gibsondunn.com

*Attorneys for Plaintiff*

* *pro hac vice*
† *pro hac vice* forthcoming

**ATTORNEY CERTIFICATION PURSUANT TO LOCAL RULE 7.1(c)**

I, Harris M. Mufson, hereby certify that the attached document complies with the word count limit set forth in Local Rule 7.1(c), as it contains 6,670 words, excluding the caption, table of contents, table of authorities, and signature blocks. In preparing this certification, I have relied on the word count of the word-processing system used to prepare the attached document. I further certify that the document complies with Rule IV(B) of this Court's Individual Rules and Practices, as it is under 25 pages.

Dated: August 21, 2025
New York, New York

*/s/ Harris M. Mufson*
Harris M. Mufson