# GIBSON DUNN

August 28, 2025

Harris M. Mufson
Partner
T: +1 212.351.3805
M: +1 917.922.1740
hmufson@gibsondunn.com

VIA EFC

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl St
New York, NY 10007-1312

SO ORDERED:

*George B Daniel*
George B. Daniels, U.S.D.J.

Dated: SEP 0 2 2025

Re: *Marsh USA LLC v. Parrish et al.*, Case No. 25-cv-6208-GBD
Letter-Motion to Redact Exhibits in Support of Marsh's Motion for Temporary Restraining Order

Dear Judge Daniels:

We represent Plaintiff Marsh USA LLC in the above-referenced action. Pursuant to Your Honor's Individual Rules and Practices, Section 1.D, out of an abundance of caution, Marsh seeks leave to redact and file as redacted discrete portions of certain exhibits attached to declarations in support of Marsh's Motion for Temporary Restraining Order and Preliminary Injunction.[1]

Marsh seeks to redact the personal email addresses and personal cell phone numbers of individual non-parties, as well as information about the compensation offered to them by non-party Howden US Services, LLC, a direct competitor of Marsh. These individuals' privacy interests in such sensitive and private information weigh heavily against the presumption of public access in a court's balancing equation. Courts regularly allow the narrow redaction of identifying and contact information, such as names and personal email addresses and phone numbers, of non-parties, as this information enjoys only a weak presumption of public access. *See Eckhart v. Fox News Network, LLC*, 2024 WL 4931857, at *3 (S.D.N.Y. Dec. 2, 2024) ("[T]he personal email addresses and phone numbers of various non-parties are entitled to continued sealing," and "courts routinely permit such redactions to protect the privacy of non-parties."). Marsh also seeks to redact confidential and sensitive performance evaluation records for certain of its employees. Courts regularly afford third-party employment evaluation records significant protection from public disclosure. *See McDonnell v. First Unum Life Ins. Co.*, 2012 WL 13933 at *2–3 (S.D.N.Y. Jan. 4, 2012) (collecting cases recognizing that employers have "an interest in maintaining the privacy of its employee's personnel records" and finding that documents relating to performance evaluations are to be treated as confidential).

Marsh also seeks to redact Defendant Julie Layton's personal phone number. "Typically, sealing of personal information 'such as the applicants' … personal phone numbers … that is not public' is warranted unless that information has bearing on issues before the court." *Farris v. Avon Prods., Inc.*, 2024 WL 4441811 at *4 (S.D.N.Y. Oct. 7, 2024) (quoting *Anderson v. New York City Health & Hosps. Corp.*, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020)). Although the fact that Layton attempted to communicate with Marsh employees using her personal phone number

---

[1] The information Marsh seeks to redact likely qualifies as "sensitive information" and/or "proprietary information" requiring caution under Your Honor's Individual Rules and Practices, Section 1.D(i). Marsh is filing this letter-motion out of an abundance of caution.

**Gibson, Dunn & Crutcher LLP**
200 Park Avenue | New York, NY 10166-0193 | T: 212.351.4000 | F: 212.351.4035 | gibsondunn.com



Hon. George B. Daniels
Southern District of New York

August 28, 2025
Page 2

has bearing on issues before the court, Layton's phone number itself is not currently at issue before the court.

The partial redactions submitted are narrowly tailored to protect the privacy interest the non-parties and Layton and are limited to only information that is sensitive, proprietary and/or requires caution. These redactions do not obfuscate or otherwise misrepresent the content of the exhibits, nor do they go so far as to anonymize the identities of the non-parties or Layton. Rather, they conceal only specific personal identifying information which will not directly affect the adjudication of Marsh's claims.[2]

Accordingly, Marsh respectfully requests that the Court grant this letter-motion.

Sincerely,

GIBSON, DUNN & CRUTCHER LLP


_/s/ Harris M. Mufson_
HARRIS M. MUFSON
Partner

HMM

---

[2] Marsh has separately filed under seal proprietary client information, consistent with Your Honor's Individual Rules and Practices, Section 1.D(i).