# Frankfurt Kurnit Klein + Selz PC

**Nicole I. Hyland**
28 Liberty Street, New York, New York 10005
T (212) 826-5552    F (347) 438-2140
nhyland@fkks.com

September 2, 2025

By ECF

The Honorable George B. Daniels, U.S.D.J
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Marsh USA LLC v. Parrish et al., No. 25-cv-06208-GBD</u>

Dear Judge Daniels:

    We are professional-responsibility counsel to Defendants Robert Lynn and Julia Layton. We write to reply to the letter (ECF 116) from James Fogelman of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"). In that letter, Gibson Dunn objects to the proposed order to show cause (ECF 100) seeking to have that firm to turn over to Mr. Lynn and Ms. Layton the entire file from the firm's joint representation of them, its current client Marsh, and others. Gibson Dunn's letter confirms that the proposed order to show cause should be entered.

**1.    The proposed order to show cause should be entered, and Mr. Fogelman's letter fails to show otherwise.**

    Mr. Fogelman says he is "a member of the Office of General Counsel" at Gibson Dunn who is "not a part of th[e] representation" of "the Plaintiff" here. (*Id.* at 1.) How so? Mr. Fogelman does not say that any ethical wall has been set up between himself and his firm's General Counsel, Jason Schwartz—who does represent the Plaintiff here and who also represented Mr. Lynn and Ms. Layton in the prior *Aon* action.

    Still, through Mr. Fogelman, Gibson Dunn airily purports to reassure the Court that "there is nothing remotely urgent or exigent here," that "[t]here is no reason Mr. Lynn and Ms. Layton require the requested privileged materials *now*," and that the "sense of urgency" is "self-created." (*Id.* at 5 (italics original).)

    These are flimsy assertions. The Court should see right through them.

    Mr. Fogelman does not assert that he has reviewed privileged materials from the joint-client 2021–22 file or that (after his review) they in fact contain nothing relevant to the

The Honorable George B. Daniels, U.S.D.J.
September 2, 2025
Page 2


September 4 hearing. (*Id. passim.*) Mr. Fogelman seems to be studiously ignorant of the 2021–22 case (where he did not act) and this case (where he has not appeared). So his letter cannot be relied upon for any fact, much less for its characterizations of the privileged joint-client materials that Gibson Dunn is still withholding.

Mr. Lynn and Ms. Layton, by contrast, have submitted detailed Declarations showing why they need their entire file, and why they need it *now*. *Compare* Local Rule 6.1(d) (requiring "good and sufficient reasons" for proceeding other than by notice of motion). The joint file contains Gibson Dunn's advice to Mr. Lynn and Ms. Layton, and others, in 2021, while they were transitioning from one insurance firm to another. Now, in 2025, Mr. Lynn and Ms. Layton are again transitioning from one insurance firm to another.

So Mr. Lynn has declared that "it is fundamentally unfair for Gibson Dunn to withhold my client file" from him while Gibson Dunn is representing Marsh in suing him. (ECF 103 ¶ 17.) Ms. Layton has stated that it "seems tremendously unfair to me for Gibson Dunn to refuse to provide my client file." (ECF 104 ¶ 17.) Indeed it would be very unfair if Mr. Lynn and Ms. Layton were now enjoined against the same kind of conduct that Gibson Dunn, advising them and Marsh, encouraged or approved in 2021.

Ms. Layton declared, "Gibson Dunn provided me with advice and counsel about my transition to Marsh, including how to comply with my Aon restrictive covenants" and "my actions during the transition from Marsh to Howden have been either consistent with—or even more conservative than—the actions I took during my transition from Aon to Marsh under Gibson Dunn's guidance." (*Id.* ¶¶ 3, 4.) Moreover, Ms. Layton declared that she understood that Marsh's guidance to her in 2021 was "coordinat[ed] with Gibson Dunn." (*Id.* ¶ 6.)

In short, Mr. Lynn and Ms. Layton need the file now to help defend against Plaintiff's TRO (which is what creates the urgency—Gibson Dunn's client's motion). It is grossly unfair for Gibson Dunn to withhold its clients' property at this key time, especially when this file remains available to Marsh and its lawyers.

    2.    **The Court should evaluate Gibson Dunn's assertions in light of that firm's dual role.**

Gibson Dunn wants it both ways. On the one hand, Gibson Dunn is counsel to the Plaintiff. On the other, Gibson Dunn tries to set itself up as an independent non-party, with an undefined "ethical[] obligat[ion]" to protect the joint privilege of various co-clients. (ECF 116 at 1.) But Gibson Dunn is not acting as a neutral stakeholder of the joint file. Rather, Gibson Dunn seeks to assert the rights of some co-clients—including its current client Marsh—to withhold joint material from other co-clients.

The Honorable George B. Daniels, U.S.D.J.
September 2, 2025
Page 3

      Gibson Dunn, of course, does not own the joint privilege. Gibson Dunn appears to assert irrelevance and privilege without giving the *co-owners of the joint privilege* any ability to test whether the withheld materials are in fact relevant to the September 4 injunction hearing and to the merits of this litigation, going forward. But it is not Gibson Dunn's place to assert for itself any privilege that belongs to any joint client. If a co-client of Gibson Dunn objects to Mr. Lynn and Ms. Layton receiving their own property, then that co-client should step forward and make its position known for itself.

      For example, Gibson Dunn objects to our publicly filing "an e-mail with Marsh's in-house counsel and Gibson Dunn labeled as 'Privileged & Confidential.' ECF No. 102-1." (ECF 116 at 1.) Yet what does this e-mail actually contain? An introduction from Marsh's in-house counsel to Gibson Dunn, along with predictions of next steps—meetings, a litigation hold, and the like. The e-mail may be *labeled* "privileged and confidential" (which is as far as Mr. Fogelman goes) but the e-mail does not, in fact, contain any privileged attorney-client communication or legal advice. The e-mail *does*, however, show that Plaintiff's lead counsel here in suing Mr. Lynn and Ms. Layton—Jason Schwartz, Gibson Dunn's General Counsel—was involved in advising Mr. Lynn and Ms. Layton with regard to their transition four years ago. That involvement may embarrass Gibson Dunn or Mr. Schwartz, but it is no reason to call the e-mail privileged.

      It also ill behooves Gibson Dunn to argue lack of urgency now, after Gibson Dunn sought emergent relief for its corporate client and yet has been stonewalling Mr. Lynn and Ms. Layton's requests for their entire file since July 29. (Hyland Decl. Exs. D–F, I, L (ECF 102-4–6, 102-9, 102-12).) Gibson Dunn, acting for the Plaintiff, wants the Court to put the pedal to the metal on aspects of the case they want to pursue; yet Gibson Dunn, in some guise as an independent non-party, wants to slam the brakes on an aspect of the case they do not want pursued: whether, in moving from Marsh to Howden, Mr. Lynn and Ms. Layton have acted congruently with Gibson Dunn's advice when they moved from Aon to Marsh.

      If Mr. Lynn and Ms. Layton are enjoined before they receive the entire file that Gibson Dunn is withholding, and if the file turns out to contain evidence contradicting Marsh's positions, then Mr. Lynn and Ms. Layton will be forced to burden the Court with a motion to reconsider, legitimately based on evidence unavailable to Mr. Lynn and Ms. Layton before the injunction hearing.

      Putting on its hat as Marsh's counsel, Gibson Dunn requests in the last sentence of its letter "that any response to [Mr. Lynn's and Ms. Layton's] motion be due on September 5." (ECF No. 116 at 6.) That would be a day *after* the September 4 hearing on equitable relief sought by Gibson Dunn's client. Still, it shows that Plaintiff is ready and willing to move the turnover motion forward on an expedited basis. We do not object to this timing, as long as we

The Honorable George B. Daniels, U.S.D.J.
September 2, 2025
Page 4

have until Tuesday, September 9, 2025, to reply, and further time to review the file before the Court rules on the injunction.

    Finally, we note that our clients have responded in our Memorandum of Law (ECF No. 105) to Gibson Dunn's attempt to condition turnover of their property. To summarize, (i) Mr. Lynn and Ms. Layton, as joint clients, have an absolute right to their file; (ii) Marsh and its lawyers cannot set any self-serving condition on its return; and (iii) if Mr. Lynn and Ms. Layton decide they wish to use contents of the file in this case, then they can at that time take whatever steps are necessary to protect whatever privilege exists until the Court rules.

    The point of the privilege is that *clients* possess or receive privileged communications and then choose whether and how to maintain the privilege. Gibson Dunn shows nothing to justify its failure to turn over to its former clients the entire file that is *their property* and that contains Gibson Dunn's communications *to them*. There is a big difference between a client obtaining or reviewing its own privileged material (which is all Mr. Lynn and Ms. Layton ask) and their deciding to use it in litigation (a decision made later, and involving appropriate safeguards). Rather than deny its former clients their right to make that decision, Gibson Dunn should turn their property over now.

    For all these reasons, the Court should enter the proposed order to show cause.

                                                      Respectfully submitted

                                                      Nicole I. Hyland