**CARLTON FIELDS**

**ATTORNEYS AT LAW**

**Corporate Center Three at International Plaza**
4221 W. Boy Scout Boulevard | Suite 1000
Tampa, Florida 33607-5780
P.O. Box 3239 | Tampa, Florida 33601-3239
813.223.7000 | fax 813.229.4133
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
Minneapolis
New York
Orlando
Tallahassee
**Tampa**
Washington, DC
West Palm Beach

Kevin P. McCoy
Shareholder
813.229.4272 Direct Dial
KMcCoy@carltonfields.com

September 9, 2025

*By ECF*

The Honorable George B. Daniels
United States District Judge
Southern District Of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Marsh USA LLC v. Parrish et al.*, No. 1:25-cv-06208-GBD
**Defendants' proposed language for an order re preliminary injunction**

Dear Judge Daniels:

      We represent three defendants, Michael Parrish, Giselle Lugones, and Robert Lynn. Julie Layton, a co-defendant represented by Dorsey & Whitney LLP, joins this letter through her counsel.  Defendants maintain (i) their opposition to the Plaintiff's motion for a preliminary injunction (*see* ECF Nos. 15, 80, and 81); and (ii) their motion to dismiss under Federal Rules of Civil Procedure 12(b)(7) and 19(b) for failure to join an indispensable party and under the abstention doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)  (*see* ECF. Nos. 49-51). Defendants do not waive any rights.

      Indeed, Defendants maintain that Plaintiff's action should be dismissed or, if not, that Plaintiff's request for injunctive relief should be denied due to Plaintiff's failure to meet its extraordinary burden to show the use of confidential information, imminent harm, that the non-compete was not superseded by the 2025 RCAs, and the existence of an adequate remedy at law. Defendants maintain that the Court's careful consideration of those factors compels denial of injunctive relief; if liability were proven at the end of the case, only damages would be warranted.

      Nevertheless, pursuant to the Court's invitation at the hearing on September 4, 2025, if the Court is inclined to look past these issues and grant Plaintiff's motion for a preliminary injunction, Defendants submit proposed language for an order granting that motion that would

September 9, 2025
Page 2

provide clear, simple direction on what conduct is being preliminarily enjoined as to the four Defendants before the Court.

                                      Respectfully submitted,

                                      CARLTON FIELDS, P.A.

                                      Kevin P. McCoy

Encl.

cc: All parties of record, by ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

MARSH USA LLC,

                Plaintiff,

    - against -

MICHAEL PARRISH, GISELLE LUGONES,
ROBERT LYNN, and JULIE LAYTON,

                Defendants.

------------------------------------- x

25-cv-6208-GBD

**[DEFENDANTS' PROPOSED] ORDER FOR PRELIMINARY INJUNCTION**

       **WHEREAS**, on July 30, 2025, Plaintiff Marsh USA LLC ("Marsh") filed an Order to Show Cause for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery (ECF No. 14);

       **WHEREAS**, by Order dated August 7, 2025, the Court, *inter alia*, set a briefing schedule for Marsh's motion for a preliminary injunction and set oral argument in connection therewith for September 4, 2025 (ECF No. 62); and

       **WHEREAS**, at the preliminary injunction hearing on September 4, 2025, the Court sought greater specificity regarding the conduct to be enjoined so that the Court could craft a clear Order that would be practical to apply (09/04/2025 Hearing Tr. 14:22 – 32:24);

       **NOW, THEREFORE**, it is hereby:

       **ORDERED**, that each of Michael Parrish, Giselle Lugones, Robert Lynn, and Julie Layton (each a "Defendant"), from the date this order is issued until the earlier of (i) twelve (12) months after the end of their respective employment with Marsh, or (ii) further order of this Court, is hereby preliminarily enjoined from:

       (1)    Soliciting any Applicable Client (as defined in the Appendix hereto) to transfer

any Applicable Business from Marsh to a Defendant or such Defendant's then-current employer.

(2) Soliciting any Applicable Prospective Client (as defined in the Appendix hereto) to do business with a Defendant or such Defendant's then-current employer.

(3) Soliciting any Applicable Employee (as defined in the Appendix hereto) to terminate his or her employment with Marsh or to pursue or obtain employment with a Defendant or such Defendant's then-current employer.

**ORDERED**, that from the date this Order is issued until the earlier of (i) twelve (12) months after the end of their respective employment with Marsh, or (ii) further order of this Court, if a Defendant receives a request or inquiry from an Applicable Client or Applicable Prospective Client seeking to purchase or obtain casualty insurance, such Defendant shall respond, in sum and substance, "I'm sorry, but I'm under a non-solicitation restriction for the twelve month period following my separation from Marsh, so I cannot discuss this with you."

**ORDERED**, that Defendants shall not access, use, disseminate, or disclose any of Marsh's Confidential Information for any purpose.

**ORDERED**, that the following expedited dispute resolution procedure shall apply to any alleged breaches of this Order:

(1) If Marsh learns of activity that it believes violates this Order, Marsh will bring that information to the attention of Defendants' counsel within 48 hours;

(2) Counsel for Defendants will promptly investigate the matter and report back to Marsh within 48 hours of being informed by Marsh; and

(3) Disputes that are unresolved shall be brought promptly to the Court's attention for resolution through an appropriate motion.

**ORDERED** that any other or further relief requested in Plaintiff's Application for a Temporary Restraining Order and Preliminary Injunction hereby is **DENIED**, and that nothing in this Order shall prevent Defendants from working for another insurance brokerage, or from competing with Marsh, so long as they do not violate the terms herein.

DATED:      New York, New York

ISSUED:     _____

_____<br>Hon. George B. Daniels, United States District Judge

# APPENDIX

## Definitions

For purposes of this Order, the following terms shall have the following meanings:

"Applicable Client" shall mean, with respect to each Defendant, any current client of Marsh to whom such Defendant sold casualty insurance products or services during such Defendant's last two years of employment at Marsh.

"Applicable Business" shall mean the sale of casualty insurance products or services.

"Applicable Prospective Client" shall mean, with respect to any Defendant, any person or entity whose name was assigned to Defendant in the Marsh prospect system as of July 21, 2025.

"Applicable Employee" shall mean, with respect to each Defendant, any employee of Marsh with whom such Defendant worked at Marsh on Applicable Business during such Defendant's last two years of employment with Marsh.

"Confidential Information" shall mean information that has been developed, compiled or acquired by Marsh at its effort and expense; that is not generally known or available to the general public; and that provides Marsh with a competitive advantage; provided that, for avoidance of doubt, "Confidential Information" does not include information that resides within a Defendant's memory.