**CARLTON FIELDS**

ATTORNEYS AT LAW

**Corporate Center Three at International Plaza**
4221 W. Boy Scout Boulevard | Suite 1000
Tampa, Florida 33607-5780
P.O. Box 3239 | Tampa, Florida 33601-3239
813.223.7000 | fax 813.229.4133
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
Minneapolis
New York
Orlando
Tallahassee
**Tampa**
Washington, DC
West Palm Beach

Kevin P. McCoy
Shareholder
813.229.4272 Direct Dial
KMcCoy@carltonfields.com

September 12, 2025

*By ECF*

The Honorable George B. Daniels
United States District Judge
Southern District Of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *Marsh USA LLC v. Parrish et al.*, No. 1:25-cv-06208-GBD
            **Defendants' response to Marsh's proposed order re preliminary injunction (Dkt. 120-1) and Marsh's letter to the Court (Dkt. 125)**

Dear Judge Daniels:

    We write for the three defendants our firm represents, Michael Parrish, Giselle Lugones, and Robert Lynn, and for co-defendant Julie Layton, who is represented by Dorsey & Whitney LLP and joins this letter (collectively, the "Defendants"), in response to Plaintiff Marsh USA LLC ("Marsh")'s revised Proposed Order for a Preliminary Injunction (Dkt. 120-1) ("Revised Proposed Order") and Marsh's letter to the Court of September 10, 2025 (Dkt. 125) ("Marsh's Letter").

    Marsh's Revised Proposed Order is vague and incomprehensible, is not self-contained, and does nothing to address the concerns this Court has raised regarding the need for any injunction order to be clear. At the September 4, 2025 hearing (the "Hearing"), the Court repeatedly asked for "non-legalese" and clarification of the scope of what Marsh sought to prohibit.[1] Marsh attempted to parry the Court's questions and to assure the Court that Marsh "knows" what is prohibited and that Defendants "know" as well. (Hearing Tr. at 18:13-22). But Defendants have no unspoken understanding with Marsh on those issues. More importantly, Marsh has given *the Court* no way to understand those issues. Instead, Marsh's Revised

---

[1] *See, e.g.*, Hearing Tr. at 8:15-16; 12:4-5; 14:22-23; 15:25-16:15; 18:13-19; 21:21-22; 22:3-12; 23:11-12; 24:16-25:1; 27:20-22; 29:11-14; 30: 14-16; 31:24-25; 32:14-15; 132:17-22 (relevant excerpts attached at Appendix A).

The Honorable George B. Daniels
September 12, 2025
Page 2

Proposed Order largely reorders and repackages the same content from Marsh's flawed initial proposed order (*see* Dkt. 14).

By contrast, the proposed order submitted by Defendants (Dkt. 123-1) attempts to address the Court's concerns with simple language and clear guideposts. In essence, each Defendant would be barred from using Marsh's confidential information, soliciting the Marsh clients such Defendant worked with in his or her last two years at Marsh, soliciting the prospective clients for which such Defendant was assigned during his or her last two years at Marsh, and soliciting the employees with whom such Defendant worked in his or her last two years at Marsh.

Marsh's Letter takes issue with Defendants' proposed order, suggesting that it improperly limits the scope of the client non-solicitation provision by referring to "casualty insurance." As the Court may recall, Marsh used this term at the Hearing when pressed to describe, in practical terms, the products and services the Defendants provided to Marsh clients (Hearing Tr. at 27:23-25), and the Court need look no further than Marsh's own website to confirm the broad nature of this "umbrella term."[2] Regardless, if the Court feels that the inclusion of the word "casualty" in Defendants proposed order is somehow too narrowing, Defendants are happy to submit a revised version of Defendants' proposed order removing that term.

Defendants remain opposed to the entry of any relief on Marsh's motion for a preliminary injunction and continue to reserve all rights. Defendants submit that the lengths to which the Court must go to try to fashion a workable Order based on Marsh's flawed contracts only confirm the unenforceability of Marsh's covenants. If, however, the Court decides to enter an Order, for the reasons described above, it should reject Marsh's enter Defendants' proposed Order.

Respectfully submitted,

CARLTON FIELDS, P.A.

*/s/ Kevin P. McCoy*
Kevin P. McCoy

cc: All parties of record, by ECF

---

[2] https://www.marsh.com/en/services/casualty.html (FAQs) ("Casualty insurance is an umbrella term to describe the coverage provided by a number of different types of insurance, ranging from vehicle insurance to workers' compensation (where applicable) and from liquor liability to product liability. Because the category of casualty insurance is so vast, it's often confusing to understand. The underlying premise is that most types of insurance policies covering loss or damage to third-party property, as well as liability to other individuals, will fall under the description of casualty insurance.").