UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

MARSH USA LLC,

                          Plaintiff,

    -against-

MICHAEL PARRISH, GISELLE LUGONES, ROBERT LYNN, and JULIE LAYTON,

                         Defendants.

ORDER

25 Civ. 6208 (GBD)

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

**WHEREAS,** Plaintiff Marsh USA LLC ("Marsh") submitted an Application for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery on July 30, 2025 (The "Application," ECF No. 14);

**WHEREAS,** Marsh's Application moves the Court to enter a preliminary injunction that, *inter alia*, bars Defendants Michael Parrish, Giselle Lugones, Robert Lynn and Julie Layton (collectively, "Defendants") from soliciting Marsh's employees and clients, and using or disclosing Marsh's confidential information;

**WHEREAS,** by Order dated August 7, 2025, this Court set a briefing schedule for Marsh's Application and ordered Defendants to show cause as to why a preliminary injunction should not be entered (ECF No. 62);

**WHEREAS,** Defendants submitted a Memorandum of Law and other supporting papers in opposition to Marsh's Application on August 21, 2025 (ECF Nos. 80–82);

**WHEREAS,** Marsh submitted a Memorandum of Law and rebuttal declarations in further support of its Application on August 28, 2025 (ECF. Nos. 107–111);

**WHEREAS,** this Court held a hearing regarding Marsh's Application on September 4, 2025;

**WHEREAS,** based on the arguments and evidence submitted by the Parties, this Court finds that Marsh has demonstrated a likelihood of success on the merits that the Defendants breached contractual obligations set forth in the restrictive covenant agreements Defendants each entered to obtain employment with Marsh, including obligations (i) not to solicit certain Marsh employees; (ii) not to solicit certain Marsh clients; and (iii) not to misuse Marsh's confidential information (*See* ECF Nos. 20-2 & 20-3 (Parrish); ECF Nos. 20-8 & 20-9 (Lugones); ECF Nos. 20-15 & 20-16 (Lynn); ECF Nos. 20-20 & 20-21 (Layton), hereafter collectively the "Employment Agreements");

**WHEREAS,** based on the arguments and evidence submitted by the Parties, this Court finds that Marsh has demonstrated irreparable harm in the absence of an injunction, and a balance of equities in its favor;

**IT IS HEREBY ORDERED**, as follows:

1. Each Defendant is prohibited from doing the following with respect to any employee of Marsh or its affiliates with whom such Defendant came into contact for the purpose of soliciting or servicing business or about whom Defendant obtained Confidential Information and Trade Secrets[1] during the last two (2) years of his or her employment with Marsh:

---

[1] When used herein, this term is defined as it is in Schedule 1 to the Marsh Confidentiality Agreement.

   a. Directly, or through others, soliciting such employees to leave employment with Marsh or Marsh's affiliates or regarding employment with Howden US Services, LLC ("Howden").

2. Each Defendant is prohibited from doing the following with Marsh clients that existed during the last two (2) years of his or her employment with Marsh:

   a. Directly, or through others, soliciting such clients or prospective clients for the purpose of selling or providing services or products by Howden.

3. Each Defendant is further prohibited from directly or indirectly using, disseminating, or disclosing to any third party (including any other person, organization, or entity, including but not limited to Howden and its employees and agents) Confidential Information and Trade Secrets. Defendants must return all Marsh property, including Confidential Information and Trade Secrets, on the last date of his or her employment or within five (5) days of this Order, whichever date is later.

Dated: SEP 1 8 2025
       New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3