**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARSH USA LLC,

                                Plaintiff,

        -against-

MICHAEL PARRISH, GISELLE LUGONES, ROBERT
LYNN, and JULIE LAYTON,

                              Defendants.

<u>MEMORANDUM DECISION</u>
<u>AND ORDER</u>

25 Civ. 6208 (GBD)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

       Before this Court is Howden U.S. Services, LLC ("Howden")'s Motion to Intervene (ECF

No. 40) and Defendants' Motion to Dismiss for failure to join an indispensable party (ECF No.

49). Howden's Motion to Intervene is DENIED and Defendants' Motion to Dismiss is also

DENIED.

## I.      BACKGROUND[1]

       Defendants are former employees of Plaintiff MARSH USA LLC ("Marsh"), who recently

left Plaintiff to work for Howden. (Howden's Memorandum in Support of Motion to Intervene

("MTI"), ECF No. 41 at 3.) On July 27, 2025, Howden, Parrish, Lugones and another former

Marsh employee, filed a declaratory judgment action in New York Supreme Court (Supreme Court

of the State of New York, Case No. 654430/2025; Rabin Decl., ECF No. 42 at Ex. B) seeking to

invalidate the restrictive covenant agreements, non-compete provisions, and non-solicit provisions

---

[1] This Court presumes the parties' familiarity with the factual and procedural background of this case and
only recounts herein the facts relevant to the instant motions.

of the employment contracts at issue in this case ("Employment Agreements," ECF Nos. 20-2 & 20-3 (Parrish); ECF Nos. 20-8 & 20-9 (Lugones); ECF Nos. 20-15 & 20-16 (Lynn); ECF Nos. 20-20 & 20-21 (Layton).)

On July 28, 2025, Plaintiffs commenced an action against Defendants in this Court, seeking to enforce Defendants' Employment Agreements. (Complaint, ECF No. 1.) On July 30, 2025, Plaintiff filed a proposed order to show cause for a temporary restraining order and preliminary injunction against the Defendants enjoining them from, *inter alia*, soliciting clients and employees from Plaintiff. (Order to Show Cause, ECF No. 14.) On August 1, 2025, Plaintiff also filed a lawsuit against Howden in the Delaware Court of Chancery, asserting tortious interference and other claims. (The "Delaware Action," Rabin Decl. at Ex. C.) This Court granted in part Plaintiff's application for a preliminary injunction on September 18, 2025. (Memorandum Decision and Order, ECF Nos. 129-130.)

Howden moves to intervene in this action under Rule 24. (MTI at 7.) Defendants separately move this Court to dismiss this action under Rule 12(b)(7) and Rule 19 for Plaintiff's failure to join Howden (Defendants' Memorandum in Support of Motion to Dismiss, ("MTD") ECF No. 50 at 1.)[2]

## II.    LEGAL STANDARDS

To prevail on a motion to intervene as of right under Federal Rule of Civil Procedure 24(a), the movant must: timely file an application, show an interest in the action, demonstrate that the

---

[2] Howden and Defendants also move this Court for abstention in this action under the *Colorado River* doctrine. (ECF No. 40 at 2; ECF No. 49 at 1.) Such abstention is a "'narrow exception'" to the federal courts' "'virtually unflagging obligation'" to exercise jurisdiction. *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Abstention under the *Colorado River* doctrine is not warranted in this action and this Court declines to abstain from adjudicating Plaintiff's claims.

interest may be impaired by the disposition of the action, and show that the interest is not protected adequately by the parties to the action. *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 795 (2d Cir. 2022). Intervention as of right requires a direct, substantial, and legally protectable interest in the subject matter of the litigation. *See, e.g., Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 875 (2d Cir. 1984).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join a required party is governed by Rule 19. Under Rule 19, the court must first determine whether the absent party is "required to be joined if feasible." A party may be "necessary under Rule 19(a) if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may[,] . . . as a practical matter[,] impair or impede the parson's ability to protect the interest." Fed R. Civ. P. 19(a)(1)(B); *Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 356-57 (2d Cir. 2015). If joinder is not feasible, then the court must determine whether "in equity and good conscience" the action should proceed or be dismissed. Fed R. Civ. P. 19(b). Dismissal is warranted "only when the defect cannot be cured and serious prejudice or inefficiency will result." *Am. Trucking Ass'n, Inc*, 795 F.3d at 357.

### III.      HOWDEN'S MOTION TO INTERVENE IS DENIED

#### A.  *Howden Is Not Entitled to Intervene as of Right under Rule 24(a)*

Howden's asserted interest in its "ability to work with the Individual Employees" (MTI at 10) does not support the contention that it is entitled to intervene as of right. *See, e.g., In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 795 (2d Cir. 2022); *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 875 (2d Cir. 1984). The record reflects that Marsh has not named Howden as a defendant in this action nor does it seek any relief against Howden. Howden is not a party to the Employment Agreements at issue and

3

this Court can accord complete relief among the existing parties. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006).

Marsh and its affiliates have brought tortious interference and related claims against Howden in the Delaware Court of Chancery (Delaware Action). Marsh has demonstrated that its claims concerning breach of contract and fiduciary duty do not seek to invalidate any contract with Howden nor claim title to Howden's property or impose any obligations on Howden. Marsh is seeking to enforce a contract between itself and its former employees in this action. Whether the Defendants in this action are held to any contractual obligations with Marsh, Howden's interest in "work[ing] with" Defendants is not impaired. Any impact the disposition of this action would have on Howden would be collateral to Defendants conduct and not "because" of Howden's absence from the litigation. *See Crouse-Hinds Co. v. InterNorth, Inc.*, 634 F.2d 690, 701 (2d Cir. 1980); *Spectre Air Capital, LLC v. WWTAI AirOpCo II DAC*, 737 F. Supp. 3d 195, 212–13 (S.D.N.Y. 2024) (applying *MasterCard*). Therefore, Howden is not entitled to intervene as of right.

### B. Howden Does Not Qualify for Permissive Intervention Under Rule 24(b)).

Permissive intervention is not warranted in this action. Rule 24(b) allows permissive intervention when there is a common question of law or fact, and where "intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties." *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561-62 (2d Cir. 2005). Neither condition is met here.

Howden argues that the "disputed issues with respect to Marsh's restrictive covenant agreements will not change with Howden in the case." (MTI at 14.) Marsh has adequately demonstrated, however, that its claims—whether Defendants breached their employment agreements and fiduciary duties—are distinct from defenses Howden might raise in a separate

4

action for tortious interference. (Plaintiff's Combined Memorandum in Opposition ("Opp."), ECF No. 85 at 15.)

Further, courts routinely deny permissive intervention where it would inject collateral issues into the action. *See, e.g., Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, 417 F. App'x 49, 51 (2d Cir. 2011). The record supports Marsh's contention that Howden's intervention would shift the focus from the Defendants' contractual obligations to Howden's alleged tortious conduct. (Opp. at 15.) Howden's intervention would broaden the scope of discovery. (*Id.*) Its intervention could raise collateral factual issues, and introduce individual defenses or claims rooted in tort or corporate law unrelated to the instant dispute, further complicating the proceedings and delaying resolution. *See, e.g., Philip Morris Inc. v. Heinrich*, No. 95 CIV. 0328 (LMM), 1996 WL 457292, at *1 (S.D.N.Y. Aug. 14, 1996) (denying permissive intervention); *U.S. v. IBM Corp.*, No. 72-344 (AGS), 1995 WL 366383, at *6 (S.D.N.Y. Jun. 19, 1995). Such delay risks prejudicing Plaintiff's efforts to obtain timely relief and weighs against permissive intervention. *See, e.g., Rodriguez v. Pataki*, 211 F.R.D. 215, 219 (S.D.N.Y. 2002) (denying permissive intervention).

Further, Howden's intervention would prejudice the original parties' choice of forum. Courts have routinely recognized that allowing a non-diverse intervenor to defeat jurisdiction is prejudicial to the plaintiff's choice of forum. *See Mbadiwe v. Amazon.com, Inc.*, 22-CV-9542 (VSB), 2024 WL 1348854, at *4 (S.D.N.Y. Mar. 29, 2024) (denying intervention that would usurp "the original parties' right to proceed before the court of their choosing"); *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 28 (2d Cir. 2002) (acknowledging a presumption in favor of plaintiff's "choice of forum"). Marsh and Defendants are parties to employment agreements calling for a New York forum to resolve disputes. (*See, e.g.*, ECF Nos. 20-2 at 6; 20-5 at 3, 20-15, 20-20, 20-21.) Howden acknowledges that its intervention would "impact diversity jurisdiction" (MTI at 14.) The record

5

and Howden's briefing indicates that it does not "seek to intervene to participate." *See Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 346–47 (E.D.N.Y. 2018) (denying intervention). Rather, the record reflects that all parties expect Howden's intervention will defeat jurisdiction: "It is indisputable that Marsh and Howden are both citizens of Delaware and, therefore, Howden would be a nondiverse party for purposes of federal diversity jurisdiction." (MTD at 7.) Such intervention, therefore, would only serve to defeat jurisdiction and would usurp choice of forum in this action.

Given that Howden's intervention would unduly delay or prejudice the adjudication of the rights of the original parties, Howden does not qualify for permissive intervention under Rule 24(b) and its Motion to Intervene is DENIED.

## IV.    DEFENDANTS' MOTION TO DISMISS IS DENIED

Howden is not a necessary party under Rule 19(a) and therefore dismissal is not warranted. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join a required party is governed by Rule 19. Rule 19 requires courts to first determine whether a party is necessary under 19(a). A party is necessary to an action under Rule 19(a) if (A) a court cannot accord complete relief among the existing parties; or (B) the non-party's absence would impair its ability to protect its interests or leave an existing party subject to a substantial risk of incurring inconsistent obligations. Fed. R. Civ. P. 19(a); *see Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 356-57 (2d Cir. 2015). Further, "[a] nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract." *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 682 (2d Cir. 1996).

Here, Marsh's claims do not arise from any contract or legal obligation involving Howden. Contrary to Defendants' arguments regarding the necessity of joining Howden (*See* MTD at 10), Marsh's claims squarely arise from the Employment Agreements with its four former employees.

Howden is a nonparty to the Employment Agreements at issue in this action. Complete relief is available without Howden since Marsh does not ask this Court to "bind [Howden]" and the injunctive relief and damages Marsh seeks against Defendants here can be fully adjudicated "without [Howden] being a party" to this action. *Urban Commons 2 W. LLC v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, 21 Civ. 4842 (AT), 2022 WL 826982, at *3 (S.D.N.Y. Mar. 18, 2022).

Next, Howden's asserted interest in "work[ing] with the Individual Employees" is not impaired by its absence from this action. *See supra* pp. 4-5. Marsh is not seeking to invalidate a contract with Howden or impose any obligations on Howden. The contract rights of the parties to the Employment Agreements at issue in this action can be adjudicated without prejudice to the tortious interference claims Marsh and its affiliates have brought against Howden in the Delaware Court of Chancery. Howden's arguments regarding potential interference with its ability to work with Defendants, given "agreed...employment relationships" with Howden (MTI at 10, 16), are not dispositive. The relief sought here relates to Employment Agreements each Defendant entered with Plaintiff before any of the Defendants assented to employment with Howden. (*See* Employment Agreements.) Defendants' conduct may be affected by enforcement of their Employment Agreements with Marsh. Howden does not demonstrate, however, how its separate employment relationships and "ability to engage with" (MTI at 2) Defendants will be impaired by its absence from this action. Any indirect impact on Howden—a nonparty to the agreements at issue—does not render Howden a necessary party. Indeed, a party is not necessary under Rule 19 merely because a ruling would "impact . . . [its] rights under a separate contract." *MasterCard*, 471 F.3d at 387. Howden's asserted interests, therefore, are not impaired by its absence from Marsh's claims in this action.

Third, disposition of this action in Howden's absence does not leave an existing party subject to a substantial risk of inconsistent obligations. The fact that "courts in different forums" may "reach different results" does not create the inconsistency in legal obligations Rule 19 is designed to avert. *Nelligan ex rel. Estate of Proia v. Cmnty. Gen. Hosp. of Sullivan Cnty.*, 240 F.R.D. 123, 125 (S.D.N.Y. 2007). Rule 19(a) is concerned with the risk of a party being "unable to comply with one court's order without breaching another." *Kumaran v. Northland Energy Trading*, LLC, 2025 WL 1982945, at *18 (S.D.N.Y. July 9, 2025) (quoting *Nelligan*, 240 F.R.D. at 125).

That concern is inapplicable in this action. Here, Marsh seeks to enforce employment agreements solely against its four former employees Michael Parrish, Giselle Lugones, Robert Lynn, and Julie Layton. Marsh's claims in the Delaware Action allege tortious interference by Howden (Delaware Action). Howden is able to defend against Marsh's tortious interference claims in the Delaware Action without Defendants being subject to inconsistent obligations under Marsh's claims for breach of contract in this action. Indeed, when a plaintiff sues different defendants in different forums, as Marsh has done, there is "no risk" that a defendant, who is "sued in only one of those forums," will be subject to conflicting legal obligations. *Nelligan*, 240 F.R.D. at 125. Howden's absence in this action thus does not leave existing parties subject to inconsistent obligations. Howden's potential liability does not arise out of any contractual obligation on its part.

In sum, Howden is not a necessary party under Rule 19(a). Howden's absence in this action does not prevent the Court from granting complete relief, does not impair Howden's ability to protect its interests, and does not expose the existing parties to inconsistent obligations. Because this Court concludes that Howden is not a necessary party under 19(a), it does not reach the

question of joinder feasibility or indispensability under 19(b).  *See Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000) ("If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)."); *see also Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 139 (2d Cir. 2002) ("A party cannot be indispensable unless it is a 'necessary party' under Rule 19(a).").  Therefore, dismissal is not warranted under Rule 19 and Defendants' Motion to Dismiss is DENIED.

## V.      CONCLUSION

Howden's Motion to Intervene is DENIED.  Defendants' Motion to Dismiss for failure to join an indispensable party is also DENIED.

Dated: NOV 1 3 2025
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge