UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSH USA LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL PARRISH ET AL., <br><br> Defendants. | Civ. No. 1:25-cv-06208-GBD |

### DECLARATION OF GISELLE LUGONES

Pursuant to 28 U.S.C. § 1746, I, Giselle Lugones, declare as follows:

1. I am over the age of twenty-one and believe in and understand the obligations of an oath. I have personal knowledge of the facts set forth in this Declaration.

### INTRODUCTION

1. I did not download or take any items with me when I left my employment with Marsh. In the days after my July 21, 2025 resignation I complied with Marsh's demands to immediately return all company devices that I used during my employment. I reviewed the letter from Gibson Dunn concerning the request to return Marsh's Confidential Information and the specific requirement that information to be returned was information that would have some ongoing commercial, competitive value developed at Marsh's expense and that also was the subject of reasonable measures to keep the information a secret.

2. On August 14, 2025, I provided a made available for imaging my personal cell phone, iPad, laptop, and personal email account to a vendor engaged by my counsel. These are devices and accounts that are personal to me and they contain information that include details of

my private life, including issues concerning my family, personal finances, photographs and other details that are deeply personal to me.

3. After the Court issued its September 18 Order, my counsel searched for documents across the data on my personal devices and accounts. My counsel identified documents that I did not know were on my personal devices and returned them even though I do not believe the documents in question are within the scope of the Court's Order.

4. I believe that I complied with the Court's Order in light of the foregoing. I certainly used my best efforts to comply with the Court's Order, including through the efforts above. I authorized the return of the documents to ensure I complied with the Court's Order even though I did not believe the documents are Marsh's property or confidential information or trade secrets.

**THE INFORMATION THAT MARSH IDENTIFIES HAS NO COMMERCIAL VALUE**

5. I believed—and I continue to believe—that I returned all of Marsh's property and confidential or propriety information to Marsh in July 2025.

6. I understand that Attorney Mufson has described in Marsh's motion several documents from the returns that my counsel made on my behalf as examples of information that should have been returned by the Court's deadline. With context, the Court has a better understanding of why those documents do not satisfy the definition the Court adopted in the September 18 Order:

   a. **GL000030** – This is a screen shot from **May 2024** that apparently was in my personal photos files giving an overview of the renewal dates for a client. I had no memory of this photo until the issue was raised as part of this effort to hold me in contempt. The only reason I can think of for taking this photograph was to have information about a client available to me during a meeting with the client. It was

2

typically easier to photograph information about the renewal date than to bring notes on paper so I could speak in an informed way when discussing the client's account with them. The information in this screen shot has no commercial value because the renewal date lapsed in **June 2024**.

b. **GL00090** -- is a Powerpoint from **August 23, 2021** to a client that followed me from Aon and has now followed me to Howden. I created the content in the Powerpoint as part of the effort to transition the client from Aon to Marsh. The information populating the Powerpoint was not proprietary to Marsh even though the presentation had a Marsh brand on it. It was information that I generated in evaluating the needs of the client. In all events, the information is over four years old and has no commercial value in the market today for this client or any other client of mine or Marsh.

c. **GL0000139** -- is a Powerpoint from **February 24, 2022** to a client that followed me from Aon and has now followed me to Howden. I created the content in the Powerpoint as part of the renewal strategy for the client during the renewal period after transitioning the client from Aon to Marsh. The information populating the Powerpoint was not proprietary to Marsh even though the presentation had a Marsh brand on it. In all events, the information is over three years old and has no commercial value in the market today for this client or any other client of mine or Marsh.

d. **GL000138** – This is a single page document showing an insurance program structure for a client from **12/01/2020-12/01/2021** – more than four years ago. This is a client that followed me from Aon and followed me to Howden. There is

absolutely no commercial value to this aged data as it relates to Marsh. I had no idea this was in my historical data and no reason to believe it qualified for return given how old the information is about a client that Marsh no longer has.

e. **GL0001845** -- I created this spreadsheet in **2024** during the ongoing (but failed) negotiations over my contract renewal. Marsh was proposing to significantly alter my compensation and terms of employment and I was evaluating whether under the proposed terms the deal made sense based upon the economics of my insurance practice and the drivers for compensation under the model Marsh was proposing. I discussed the contents of the spreadsheet with Marsh nearly a year before I left the company as part of the negotiations concerning a new terms with Marsh. If Marsh considered this to be information that qualified as Marsh Confidential Information, Trade Secrets or Property, they certainly took no measures that I am aware of to demand that it be deleted from my personal device despite the information being attached to an email showing I emailed it to myself so I could work on it at home close to a year before I resigned. At no point did Marsh ask me to return or delete any of the information or express to me that it was considered Marsh's Confidential Information, Trade Secret, or Property.

f. **GL0000746** – is a response to a request for proposal from **September 23, 2022** to a client that followed me to Howden. The client contact for this client had been one of my longtime clients and left to join the client that issued the request for proposal. The information populating the Powerpoint was not proprietary to Marsh even though the presentation had a Marsh brand on it. The Powerpoint was designed to be shared with the client requesting the information and the client was

4

under no duty to keep the information confidential, again demonstrating Marsh cannot claim the information was Marsh's Confidential Information, Trade Secrets, or Property. In all events, the information is over three years old and has no commercial value in the market today for this client (now with Howden) or any other client of mine or Marsh.

g. **GL0000718** – This is a spreadsheet that I created in June 2025 on my own computer using information that was known to me about the members of my teams. I note that Marsh does not allege that I took or accessed any of its information to create this spreadsheet. The names with salaries listed in the spreadsheet are the members of my healthcare team and each of them left their employment with Marsh to join Howden. At the time I created this, I was contemplating leaving Marsh. I knew that with my departure many of the team members were within the crosshairs of the personnel reduction that Marsh was implementing to reduce costs. The spreadsheet calculates how much more (on average 33 percent) each of the team members stood to make under the compensation structure at Howden compared to Marsh. I cannot understand how information that I had in my head about my team of people who no longer work at Marsh qualifies as Marsh's Confidential Information, Trade Secrets, or Property or has any ongoing economic value in the marketplace.

7. I hope that I have adequately explained that, when put in context, none of the examples that Marsh provides about stale information or information that I had in my head qualified in the first instance for return under the September 18 Order. Based on my decades of experience in the insurance brokerage industry, these are not the type of documents that would be considered the Confidential Information, Trade Secrets, or Property.

8. It is not clear to me what factual basis Marsh claims to identify these documents would qualify, sitting in today's market, as its Confidential Information, Trade Secrets, or Property when those terms are held against the full definition the Court adopted in the September 18 Order.

9. I note, I have not seen anyone from Marsh swear under penalty of perjury that the examples of information discussed above, or any other information that was returned, are, in the company's view, actually Marsh's Confidential, Trade Secrets, or Property.

10. Until Marsh raised these issues, I had no had reason to look at or even know about the information that they are now using the basis to hold me in contempt. I have not shared any of the information that Marsh discussed in its submission with Howden and have no plan or ability to use it in my new employment with Howden because it has no value whatsoever in the current marketplace in 2025.

11. Through my counsel, I also informed Marsh that I had no interest in the documents and would be happy to delete the documents from my phone provided Marsh agreed not to make any spoliation claim.

12. I respectfully ask the Court to deny Marsh's Motion for Contempt.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 29, 2025.

*DocuSigned by:*
*[signature]*
BEC0160346584A4...

Giselle Lugones