**GIBSON DUNN**

Amanda C. Machin
Of Counsel
T: +1 202.887.3705
amachin@gibsondunn.com

March 12, 2026

VIA ECF

Hon. Gary Stein
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007-1312

Re: *Marsh USA LLC v. Parrish et al.*, No. 25-cv-6208-GBD-GS, Response to Defendants' Motion to Seal (ECF 228)

Dear Judge Stein:

Marsh USA LLC ("Marsh") respectfully submits this response to Defendants Parrish, Lugones, and Lynn's (collectively, "Defendants") March 12, 2026 motion to seal (ECF 228). Although Marsh does not oppose the motion to seal, Marsh writes to address Defendants' statement regarding the current status of the parties' meet-and-confer discussions—specifically, Defendants' statement that "[u]nfortunately, the parties have not reached agreement concerning the discovery disagreements set forth" in Defendants' February 26, 2026 motion to compel (ECF 223).

While the parties have not yet reached a final resolution of all issues prematurely raised in Defendants' motion, Marsh has continued to engage in good-faith meet-and-confer discussions with Defendants regarding those issues. Indeed, after the letter motion was filed, it was Marsh that affirmatively reached out to Defendants to seek further discussion. Following Marsh's outreach, the parties conferred again, including today. At the conclusion of today's conversation, the meet-and-confer process about both sides' productions was still ongoing, and the discussions have resulted in meaningful progress toward narrowing issues raised in Defendants' motion to compel. Defendants' statement therefore does not reflect the complete picture of the parties' discussions.

Marsh's position remains that Defendants' motion to compel was premature and filed without satisfying Defendants' obligation to meaningfully meet and confer before seeking the Court's intervention. *See* ECF 225 at 1–2. As the parties' continued discussions demonstrate, the meet-and-confer process remains ongoing and productive. Defendants nevertheless sought the Court's intervention before completing that process, creating motion practice that unnecessarily burdens the Court while the parties continue working to narrow the issues. The motion to compel should therefore be denied.

**GIBSON DUNN**

Hon. Gary Stein  March 12, 2026
Southern District of New York  Page 2

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP



*/s/ Amanda C. Machin*
Amanda C. Machin