**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

MARSH USA LLC,

                                Plaintiff,

               -against-

MICHAEL PARRISH, *et al.,*

                             Defendants.

-------------------------------------------------------------------X

                            **25 Civ. 6208 (GBD) (GS)**

                                  **ORDER**

**GARY STEIN, United States Magistrate Judge:**

        Defendants Michael Parrish, Giselle Lugones, and Robert Lynn ("Defendants") filed a letter motion to compel the production of certain documents from Plaintiff Marsh USA LLC ("Marsh") on February 26, 2026. (Dkt. No. 223 ("Def. Ltr.")). Defendants seek material regarding Marsh's recruitment of Defendants, clients, and employees from Aon Risk Services, Inc. ("Aon"), particularly including Marsh's guidance and position on how to navigate Defendants' restrictive covenants with Aon. (*Id.* at 1). Marsh filed its opposition letter on March 3, 2026. (Dkt. No. 225 ("Pl. Ltr.")). Marsh opposes the motion on the grounds that (1) Defendants failed to properly meet and confer as required by the Local Rules (*id.* at 1–2), and (2) Defendants have failed to demonstrate that their discovery requests are relevant and proportional, particularly given Marsh's prior concessions as to certain elements of the requests (*id.* at 2–3). For the following reasons, Defendants' motion is **DENIED** without prejudice.

        Following a December 1, 2025 status conference, at which the Court

encouraged the parties to continue discussing discovery issues regarding Aon, the parties met and conferred on December 9, 2025.  (Def. Ltr. at 1; Pl. Ltr. Ex. 4 at 1). After an exchange of letters on December 16, 2025 and January 8, 2026, Marsh sent Defendants a letter on January 29, 2026 detailing several compromise positions and requests for clarification as to Defendants' discovery requests.  (Def. Ltr. at 1; Pl. Ltr. at 1 & Exs. 1, 4).  Around this time, Defendants proposed a date for a second meet and confer but quickly cancelled the meeting to "go through [Marsh's] current positions and propose a new time to discuss."  (Pl. Ltr. at 1 & Ex. 2).  Rather than suggest a new date, however, Defendants filed their motion to compel on February 26, 2026.  Neither party mentions any relevant communications between the cancellation of the second meet and confer and the motion to compel, and Marsh states that none occurred.  (Pl. Ltr. at 1).

"[A] party may move for an order compelling disclosure or discovery" after "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Furthermore, this Court's Individual Rules in Civil Cases provide that:

> Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party in an effort to resolve the dispute.  An exchange of letters or emails alone does not satisfy this requirement.  Counsel must respond promptly and in good faith to any request from another party to confer in accordance with this paragraph.

Individual Practices in Civil Cases Before Magistrate Judge Gary Stein, Rule II.C.1, https://nysd.uscourts.gov/sites/default/files/practice_documents/Individual%20Practi

ces%20in%20Civil%20Cases.pdf (Sept 2023).

"What constitutes a good faith effort to confer is determined on a case-by-case basis.  Courts are looking for evidence that the party making the motion made a sincere effort to see if the dispute could be worked out."  1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, § 37:9 Duty to confer (June 2025) (collecting cases).  To demonstrate a good faith effort to meet and confer, "the movant must detail the efforts to confer and explain why they proved fruitless."  *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, No. 96 Civ. 7590 (DAB) (JCF), 1998 WL 67672, at *2 (S.D.N.Y. Feb. 18, 1998).  "A 'live exchange of ideas and opinions' is required."  *Id.* (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995)).  "A conclusory statement in an affidavit asserting that the movant fulfilled the meet-and-confer requirement is insufficient."  *Id.* (citing *Tri–Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y.1997)).

The Court finds that Defendants have not satisfied their meet and confer obligation.  Although Defendants recite the history of the parties' communications on this topic, and claim that their meet and confer efforts "could not entirely resolve" the dispute (Def. Ltr. at 1), nowhere do Defendants explain *why* additional progress could not be made.  It is insufficient for a party to simply assert its belief that continued discussion would be futile; the party must demonstrate conduct or circumstances supporting that belief.

Moreover, Defendants' motion does not mention, let alone describe, the proposals Marsh made in its January 29, 2026 letter, nor address in what ways the

proposed compromises did not warrant further discussion.  Marsh's letter does not, on its face, evince a series of flat denials such that it would be reasonable to assume the possibility of compromise has been exhausted, requiring resort to a motion to compel.  Rather, Marsh's letter appears to accede to or at least partially accede to several of Defendant's requests (Pl. Ltr. Ex. 1 at 3 ¶¶ 1–2, at 4 ¶¶ 3–5, at 5), suggesting that a further "live exchange of ideas and opinions" could still prove worthwhile.

Furthermore, in failing to either respond to Marsh's January 29 letter or reschedule the meet and confer that they themselves cancelled, Defendants failed to meet and confer regarding Marsh's proposed compromises.  Such further efforts were particularly important here, where Marsh sought clarification as to several of Defendants' discovery requests.  (Pl. Ltr. Ex. 1 at 4 ¶¶ 6–7).  Absent additional discussion on this point, or explanation as to why Marsh's requests for clarification might be disingenuous, the Court declines to find that additional meet and confer efforts would have been futile.

It is possible that, after additional meet and confer efforts, some or all of these underlying issues will remain, and the Court may later need to decide them. But the Court will not short-circuit the meet and confer process in order to reach those issues now, particularly where it appears additional progress can be made. Defendants were previously warned about jumping the gun and filing a motion to compel without fully discharging their meet and confer obligation.  (*See* Dkt. No.

4

202 at 42:2:14; Dkt. No. 219 at 6).[1]  The Court meant what it said.  Because this discovery dispute may yet be resolved by a full meet and confer process conducted in good faith, the Court hereby **DENIES** Defendants' motion without prejudice.

In connection with the motion to compel, both Marsh and Defendants filed motions to seal or redact certain exhibits related to the merits of the discovery dispute.  (Dkt. No. 224 (Marsh's motion to seal); Dkt. No. 228 (Defendants' motion to seal); *see also* Dkt. Nos. 226, 229 and 230 (sealed filings)).  As the Court did not reach the merits of the dispute, it did not find it necessary to consider the exhibits either party sought to file under seal.  Accordingly, the Court **DENIES AS MOOT** both motions to seal and directs that the sealed filings be **STRICKEN** from the docket.  This ruling is without prejudice to the parties' ability to file renewed motions to seal these materials in the event that future motion practice concerning this discovery dispute proves necessary.

The Clerk of Court is respectfully directed to close the open motions at Docket Numbers 223, 224 and 228 and to strike Docket Numbers 226, 229 and 230.

**SO ORDERED.**

DATED:     New York, New York
           March 16, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge

---

[1] In its prior ruling concerning Defendants' motion to compel the deposition of Marsh's CEO, the Court "excuse[d] [Defendants'] deficiency" and refrained from ordering further meet and confer efforts because Marsh's response to the motion made clear that further discussions would be futile. (Dkt. No. 219 at 6).  The same cannot be said of Marsh's response to the current motion to compel.