Vedder Price
1633 Broadway, 31st Floor
New York, New York 10019

T:  +1 212 407 7700
F:  +1 212 407 7799
vedder.com



**Joshua A. Dunn**
Shareholder
+1 (212) 407 7791
jdunn@vedder.com

June 17, 2026

**<u>VIA ECF</u>**

The Honorable Gary Stein
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 702
New York, NY 10007

Re:    *Marsh USA LLC v. Parrish et al.*, No. 1:25-cv-06208-GBD-GS
       **Request for Conference on Motion to Quash Deposition Subpoena**

Dear Judge Stein:

We represent nonparty Jeffrey Alpaugh, who was served a subpoena to testify at a deposition in the above-captioned proceeding (the "<u>Subpoena</u>") by defendants Michael Parrish, Giselle Lugones, Robert Lynn, and Julie Layton (collectively, "<u>Defendants</u>"). Pursuant to Rule II.C.2. of Your Honor's Individual Practices in Civil Cases, we write to request a pre-motion conference on Mr. Alpaugh's anticipated motion to quash the Subpoena, pursuant to Federal Rule of Civil Procedure 45(d)(3), because the Subpoena is unduly burdensome. On May 28 and June 9, 2026, counsel for Mr. Alpaugh and Defendants met and conferred in good faith regarding the Subpoena, and continued to confer via email through the date of this Letter, but could not resolve the issue.

This Court has compelled the deposition of plaintiff Marsh USA LLC's ("<u>Marsh</u>") president and CEO, Martin South, regarding the same alleged events underlying the Subpoena.[1] Mr. Alpaugh's deposition would thus be unduly burdensome, as his testimony would be wholly duplicative of that of Mr. South. Mr. Alpaugh therefore respectfully requests that this Court quash the Subpoena with prejudice, or, in the alternative, quash the Subpoena without prejudice to Defendants' ability to renew same following Mr. South's deposition and upon Defendants' showing that the information sought from Mr. Alpaugh was unavailable to them at Mr. South's deposition.

**LEGAL STANDARD**

"Rule 45 provides that 'on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden." *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (quoting FED. R. CIV. P. 45(d)(3)(A)(iv)). "On a motion to quash, the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *E.g.*,

---

[1] *See* ECF No. 219. A true and correct copy of the transcript of the hearing on Defendants' motion to compel Mr. South's deposition is also annexed hereto as **Exhibit A**.

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, Vedder Price Pte. Ltd., which operates in Singapore, and Vedder Price (FL) LLP, which operates in Florida.

Chicago  |  Dallas  |  London  |  Los Angeles  |  Miami  |  New York  |  San Francisco  |  Singapore  |  Washington, DC

The Honorable Gary Stein
June 17, 2026
Page 2

*Angelo, Gordon & Co. v. MTE Holdings, Inc.*, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020) (quotation omitted); *see also Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *3 (S.D.N.Y. July 15, 2020). "Upon establishing relevance, the movant bears the burden of demonstrating an undue burden." *Angelo, Gordon & Co.*, 2020 WL 4700910, at *2 (quotation omitted). "In determining whether a subpoena subjects a witness to undue burden, a court must balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." *Id.* (quotation omitted).

## DISCUSSION

### I.      The Information Sought from Mr. Alpaugh is Available by Deposing Martin South

Mr. Alpaugh's anticipated testimony would be entirely duplicative of testimony available from Mr. South and other party witnesses. Mr. Alpaugh left Marsh in November 2023, and this Court has compelled the deposition of Martin South, the current president and CEO of Marsh, whom Defendants admit is "uniquely positioned, given his involvement and his one-on-one and other discussions with [Defendants,]" to give testimony on the alleged lift-out. Ex. A at 14:8–21. By Defendants' own argument, Mr. South was "the person who was interfacing . . . primarily" with Defendants in the alleged lift-out, "not only in the front end, but then on the back end" once Defendants arrived at Marsh. *Id.* 6:10–19. Courts routinely quash third-party subpoenas as unduly burdensome where, as here, the same information is available from party witnesses. *See, e.g.*, *Alcon Vision, LLC*, 2019 WL 4242040, at *2 (deposition subpoena "imposes an undue burden" on nonparty where plaintiff "can obtain th[e] information [sought by the subpoena] from [d]efendants in the underlying action"); *N'Diaye v. Metro. Life Ins. Co.*, 2018 WL 2316335, at *8–9 (S.D.N.Y. May 8, 2018) (quashing document subpoena where plaintiff requested the same documents from defendant but failed to further pursue said requests).

### II.     Mr. Alpaugh's Testimony Is Not Necessary

Notwithstanding Mr. South's anticipated testimony on the same topics and alleged events for which Defendants seek Mr. Alpaugh's testimony, Defendants have not articulated and cannot establish how Mr. Alpaugh's testimony is necessary to their defenses. Defendants have represented that testimony about the 2021 lift-out is required to understand "exactly what Marsh viewed at the time as being fair," and that Mr. South was uniquely positioned to provide that testimony as the person "who crafted" the lift-out. Ex. A at 29:1–10. Given their admission, Defendants have not shown how Mr. Alpaugh's testimony is needed to supplement any testimony from Mr. South on this issue. *See Homeward Res., Inc. v. Sand Canyon Corp.*, 2016 WL 11662178, at *2 (S.D.N.Y. Feb. 3, 2016) (quashing deposition subpoena to non-testifying expert where plaintiff deposed testifying expert and could not establish how it "would glean any new, relevant information" about drafting of expert report "by questioning [the non-testifying expert] about the tasks he specifically performed . . . ."). Without such a showing, the Subpoena must be quashed as unduly burdensome.

The Honorable Gary Stein
June 17, 2026
Page 3

Here, this Court has compelled Mr. South's deposition, allowing Defendants to obtain the testimony from Mr. South's "unique position" in the alleged lift-out. Mr. Alpaugh's non-party testimony would be entirely cumulative of Mr. South's, making the Subpoena unduly burdensome.

### III.    The Subpoena Is Facially Overbroad and Encompasses Irrelevant Testimony

Despite efforts to narrow the scope of Mr. Alpaugh's testimony the Subpoena is facially overbroad and without appropriate limitations to only relevant testimony. The Subpoena has no limitations in time, scope, or topics, despite Defendants' assurances that Mr. Alpaugh's testimony would be sought only regarding his role in the Marsh lift-out of Defendants and Marsh's use of talent acquisition as part of its ordinary process of growth and competition within this industry. Mr. Alpaugh would "need to comply with the subpoena as written, absent some agreement" with Defendants, and as written, Mr. Alpaugh is required to sit for seven record hours of deposition to a topic irrelevant to this case. *See Alcon Vision, LLC v. Allied Vision Grp., Inc.*, 2019 WL 424040, at *3 (S.D.N.Y. Sept. 6, 2019). The burden is on Defendants to establish that the Subpoena itself is relevant. Without any showing of relevance on the face of the Subpoena, it must be quashed.

### IV.    In the Alternative, This Court Should Quash the Subpoena Without Prejudice to Defendants' Ability to Reissue It Following Mr. South's Deposition

Alternatively, this Court should quash the Subpoena without prejudice to Defendants' ability to reissue it (1) following Mr. South's deposition, and (2) upon a showing that the information sought from Mr. Alpaugh's deposition was not available to Defendants at Mr. South's deposition. *See, e.g.*, *Homeward Res., Inc.*, 2016 WL 11662178, at *1 (describing procedural history wherein deposition subpoena was quashed "without prejudice to [plaintiff] making a further submission to adequately present a sufficient basis for deposing [the witness], meaning that it must articulate with specificity what information such a deposition would provide that was not already available as a result of the [testifying expert's] deposition (and/or [defendant's] production)") (internal quotation omitted); *Alex & Ani, Inc. v. MOA Int'l Corp.*, 2011 WL 6413612, at *5 (S.D.N.Y. Dec. 21, 2011) (deferring third party deposition subpoena until after the deposition of defendant's corporate witness "and then only if that deposition gives rise to subject matter of which [third party] has personal knowledge"). This remedy is within the Court's discretion to "limit discovery if 'the party seeking discovery has ample opportunity to obtain the information by discovery in the action.'" *Alcon Vision, LLC*, 2019 WL 4242040, at *2 (quoting *Vangelakos v. Wells Fargo Bank, N.A.*, 2014 WL 12772257, at *1 (S.D.N.Y. June 26, 2014)).

Here, like the plaintiff in *N'Diaye*, Defendants have improperly sought third-party discovery from Mr. Alpaugh rather than "make the effort" to obtain the testimony it seeks from a party witness who this Court has compelled to sit for deposition. *See N'Diaye*, 2018 WL 2316335, at *9. Thus, at a minimum, the Subpoena should be quashed without prejudice to Defendants' ability to reissue it after Mr. South's deposition and "only if that deposition gives rise to subject matter of which [Mr. Alpaugh] has personal knowledge." *See Alex & Ani, Inc.*, 2011 WL 6413612, at *5.

CONCLUSION

For the foregoing reasons, Mr. Alpaugh respectfully requests that this Court schedule a pre-motion conference regarding Mr. Alpaugh's anticipated motion to quash the Subpoena.

The Honorable Gary Stein
June 17, 2026
Page 4

Respectfully submitted,

Vedder Price P.C.

Joshua A. Dunn
Shareholder

cc:      All counsel of record (via ECF)