# GIBSON DUNN

Harris M. Mufson
Partner
T: +1 212.351.3805
M: +1 917.922.1740
hmufson@gibsondunn.com

August 7, 2026

<u>VIA ECF</u>

Hon. Gary Stein
United States District Court, S.D.N.Y.
500 Pearl Street, Room 702
New York, NY 10007

Re:    *Marsh USA LLC v. Parrish et al.*, No. 25-cv-6208 (S.D.N.Y.), Letter-Motion to
       Provisionally Seal and Redact Submissions

Dear Judge Stein:

We represent Plaintiff Marsh USA LLC in the above-referenced action.  Marsh submits this letter-motion pursuant to the Stipulation and Protective Order governing this action (ECF No. 179), the Stipulation and Protective Order governing *Marsh USA LLC et al. v. Gronovius et al.*, No. 25-cv-9130 (S.D.N.Y) (*Gronovius*, ECF No. 156), and Your Honor's Individual Practices.  Marsh respectfully seeks leave to file provisionally under seal its Memorandum of Law in Opposition to Defendant Julie Layton's Motion to Modify the Preliminary Injunction Order ("Memorandum"), as well as the Declaration of Harris M. Mufson ("Mufson Declaration") and certain exhibits submitted in support therewith.  Additionally, Marsh moves to seal portions of certain other exhibits submitted with the Mufson Declaration in support of its Memorandum.

Marsh has provisionally filed under seal exhibits that the producing parties have designated "Confidential" under the governing Stipulations and Protective Orders to afford those parties the opportunity to seek permanent sealing of such information.  *See* Mufson Decl. Exs. 3, 5, 11–12, 16–21.  Marsh has also provisionally filed under seal its Memorandum and the Mufson Declaration, which describe these exhibits, for the same reason.  These two documents contain provisional redactions highlighted in yellow.

Marsh separately moves to seal portions of certain other exhibits that do not contain a confidentiality designation.  *See* Mufson Decl. Exs. 1–2, 6–10, 13–15.  Marsh has proposed narrow redactions to these documents in blue.

On the public docket, Marsh has filed its Memorandum and the Mufson Declaration with provisional redactions applied, slipsheets for the provisionally sealed exhibits, and versions of the other exhibits with Marsh's proposed redactions applied.  One of Marsh's exhibits, *see id.* Ex. 4, has been filed to the public docket without any redactions applied.

As reflected by its blue proposed redactions, *see* Mufson Decl. Exs. 1–2, 6–10, 13–15, Marsh seeks to redact the personal email addresses of several individual non-parties, as well as information about the compensation offered to them by non-party Howden.[1]  Marsh also seeks to redact the personal cell phone number of non-party Mark Karrenbauer, Howden's Chief Human

---

[1] "Howden" is used interchangeably to refer to Howden US Services, LLC, Howden US Specialty, LLC, and Howden Group Holdings Limited, as applicable.

**Gibson, Dunn & Crutcher LLP**
200 Park Avenue  |  New York, NY 10166-0193  |  T: 212.351.4000  |  gibsondunn.com

# GIBSON DUNN

Resources Officer in the U.S.  These individuals' privacy interests in such sensitive and private information weigh heavily against the presumption of public access in a court's balancing equation.  Courts regularly allow the narrow redaction of identifying and private information of non-parties, as this information enjoys only a weak presumption of public access.  *See Eckhart v. Fox News Network, LLC*, 2024 WL 4931857, at *3 (S.D.N.Y. Dec. 2, 2024) ("[T]he personal email addresses and phone numbers of various non-parties are entitled to continued sealing.  There is only a weak presumption of public access for irrelevant information of that sort, and courts routinely permit such redactions to protect the privacy of non-parties."); *Metcalf v. TransPerfect Translations Int'l, Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025) (permitting redaction of individual compensation information of non-party employees).

In addition, Marsh seeks to redact Layton's personal cell phone number and email address.  "Typically, sealing of personal information 'such as the applicants' . . . personal phone numbers, and email addresses, that is not public' is warranted unless that information has bearing on issues before the court."  *Farris v. Avon Prods., Inc.*, 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024) (quoting *Anderson v. New York City Health & Hosps. Corp.*, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020)).  Although the fact that Layton communicated with Karrenbauer using her personal cell phone number and with Howden personnel using her personal email address has bearing on issues before the Court, Layton's personal cell phone number and email address themselves are not currently at issue before the Court.

The blue proposed redactions submitted are narrowly tailored to protect the privacy interests of the non-parties and Layton.  These redactions do not obfuscate or otherwise misrepresent the content of the exhibits, nor do they go so far as to anonymize the identities of the non-parties or Layton.  Rather, they conceal only specific personal identifying information which will not directly affect the adjudication of Marsh's claims.

Accordingly, Marsh respectfully requests that the Court grant this letter-motion.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Harris M. Mufson*
HARRIS M. MUFSON
Partner