UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSH USA LLC,<br><br>Plaintiff,<br>v.<br><br>MICHAEL PARRISH ET AL.,<br><br>Defendants. | Civ. No. 1:25-cv-06208 |

**MEMORANDUM IN SUPPORT OF MOTION TO MODIFY THE PRELIMINARY INJUNCTION ORDER**

Defendants Michael Parrish, Giselle Lugones, and Robert Lynn (collectively, the "Moving Defendants") respectfully request that this Court modify its Preliminary Injunction Order, Dkt. 129 ("Order") to explicitly reflect the apparent intent of the Order: That, in accord with the terms of the underlying restrictive covenant agreements ("RCAs") that the Order enforced, all restrictions imposed by the Order (other than those regarding Marsh's Confidential Information and Trade Secrets) will terminate on September 19, 2026—the date one year after the Moving Defendants' employment with Marsh ended. This one-year injunction is what Marsh sought from this Court last summer and is what we believe the Court intended. Because this motion presents a time-sensitive matter, the Moving Defendants respectfully request that the Court consider it on an expedited basis.

The modification that the Moving Defendants seek would align the Order with the Court's Memorandum Decision, Dkt. 130 ("Memorandum") entered in connection with the Order. The Memorandum noted that the restrictions in the Moving Defendants' underlying RCAs prohibited

the defendants from soliciting certain Marsh employees to leave Marsh for "***one year after their employment***" with Marsh. Memorandum at 3 (emphasis added); *see also, e.g.*, Dkt. 20-2 at 2. And RCAs' client non-solicitation provisions also run for only one year after the defendants left Marsh. *See, e.g.*, Dkt. 20-2 at 1; *see also, e.g.*, *Marsh USA LLC v. Gronovius et al.*, No. 1:25-cv-09130-JLR-GS ("*Gronovius*") Dkt. 180, 181 at 13, 15–16, 242 at 16 (recognizing and reaffirming that the agreements' non-solicitation provisions are limited to one year); *JLM Couture, Inc. v. Gutman*, No. 20 CV 10575-LTS-SLC, 2021 WL 2227205, at *6 (S.D.N.Y. June 2, 2021) (clarifying that restrictions imposed by preliminary injunction will not apply past the contract's terminal date for restrictions).

Termination of the restrictions one year after the Moving Defendants left their employment is precisely the relief that Marsh sought when it requested the extraordinary relief of a preliminary injunction in the first instance. Indeed, in its Memorandum of Law in Support of its Motion for a TRO/PI, Marsh wrote: "The employee and client non-solicitation obligations (which bind defendants during their employment with Marsh ***and for 12 months thereafter***) are narrowly tailored . . . ." (emphasis added). Dkt. 15 at 8; *see also, e.g.*, Dkt. 15 at 18, 20; Dkt. 158 (Transcript of Sept. 4, 2025 Hearing) 19:20–23 ("We are asking that they adhere to their contractual obligations ***for one year***.") (emphasis added).

In seeking a preliminary injunction, Marsh argued that the defendants had been disloyal and that they had acted in violation of their employment agreements before they departed Marsh, such that the one-year covenants should be enforced to prevent future harm. Dkt. 158, T. 5–6 ("we have marshaled significant testimony and documentary evidence showing that the defendants have breached their contracts and duties of loyalty"); T. 6:15-17 ("We are asking the Court for nothing more than a status quo injunction that requires the defendants to adhere to the plain text of their

contractual obligations."); T.14:25 –15:3 ("We will seek money damages associated with unwinding past conduct, but we are seeking that these individuals be enjoined from violating their contractual obligations moving forward."). Based on these allegations, Marsh confirmed to the Court that the injunction they sought was limited to one-year post-employment. Dkt. 158, T. 19 ("THE COURT: So for me to characterize the limits of what you're asking, you want them to stop soliciting employees and to stop soliciting your customers? MR. MUFSON: That's right for the period that they are prohibited contractually. THE COURT: The two-year period. MR. MUFSON: Doing so. It's a one-year period. They actually signed two-year non-solicitation with Howden. But we are not asking there be a two-year non-solicit. We are asking that they adhere to their contractual obligations for one year.").

Notably, Marsh did not argue that the Moving Defendants' alleged conduct, purported to have occurred before their September 19, 2025 separation dates from Marsh, justified the Court re-writing the plain language of the employment agreements to make the restrictive covenant extend beyond a year. Marsh further conceded that conduct pre-dating an injunction would be addressed by monetary damages, and that the injunction was "emergency relief to stop the bleeding." Dkt. 158, T. 39. There is no basis, almost a year later, to permit Marsh to renege on those representations, or to judicially extend the RCAs' provisions beyond what the parties ever contemplated. Notably, the RCAs ***do not*** contain an equitable tolling provision, nor do any of the factual allegations provide a logical basis to extend the one-year period agreed to under the contract.

Despite all of this, in opposing Defendant Julie Layton's motions seeking the same modification the Moving Defendants now seek, Marsh argued that the defendants' conduct prior to the termination of their employment could provide a basis to toll and extend the restrictive

covenant period (thereby re-writing the agreements) as a matter of equity. Marsh specifically mentioned Defendants Lugones, Parrish, and Lynn in footnote 2 of their August 7, 2026 submission. Dkt. 257. While Marsh's argument lacks legal support, its position renders resolution of this issue particularly time-sensitive: The Moving Defendants' contractual non-solicitation periods expire in approximately a month, on September 19, 2026, one year after their separations from Marsh on September 19, 2025.

This Court has the inherent authority to modify an order. *Sierra Club v. U.S. Army Corps of Engineers*, 732 F.2d 253, 256 (2d Cir. 1984). A preliminary injunction is properly modified where "the requested modification effectuates…the purpose behind the injunction." *Id.* at 257; *see also JLM Couture, Inc. v. Gutman,* 2021 WL 2227205, at *6 (S.D.N.Y. June 2, 2021) (modifying preliminary injunction to state that its non-competition restrictions expired at the same time as the non-competition provisions of the governing employment agreement). Here, the Court should exercise its inherent authority to explicitly state that the non-solicitation restrictions imposed by paragraphs 1 and 2 of the Order expire one (1) year following the Moving Defendants' September 19, 2025 separations from Marsh. *Cf. TomGal LLC v. Castrano*, 2022 WL 17822717, at *6 (S.D.N.Y. Dec. 19, 2022) (declining to issue preliminary injunction following expiration of contractual non-compete period, as "an injunction would at this point serve no purpose other than to punish the defendants for their alleged misbehavior.").

Dated: August 17, 2026

Respectfully Submitted,

CARLTON FIELDS, P.A.

By: /s/ *Kevin P. McCoy*
Kevin P. McCoy
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza

4221 W. Boy Scout Boulevard, Suite 1000
Tampa, FL 33607
(813) 229-4272 (Telephone)
(813) 229-4133 (Facsimile)
Email: kmccoy@carltonfields.com

Steven J. Brodie
2 MiamiCentral
700 NW 1st Avenue, Ste. 1200
Miami, Florida 33136-4118
(305) 539-7302 (Telephone)
(305) 530-0055 (Facsimile)
Email: sbrodie@carltonfields.com

Michael L. Yaeger
730 Third Avenue, 19th Floor
New York, New York 10017
(212) 380-9623 (Telephone)
(212) 785-5203 (Facsimile)
Email: myaeger@carltonfields.com

*Attorneys for Defendants Michael Parrish, Giselle Lugones, and Robert Lynn*

**CERTIFICATION**

I hereby certify that this Memorandum of Law was produced on a computer using Microsoft Word 365 and contains 1033 words, as determined by the computer software's word-count function, excluding the caption, any indices, table of contents, table of authorities, signature blocks, or any required certificates, pursuant to Local Civil Rule 7.1(c).

Dated: August 17, 2026

By: */s/ Kevin P. McCoy*
Kevin P. McCoy