UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSH USA LLC,

Plaintiff,

*v.*

MICHAEL PARRISH, GISELLE LUGONES, ROBERT LYNN, and JULIE LAYTON,

Defendants.

No. 25 Civ. 6208 (GBD)

MEMORANDUM DECISION AND ORDER

**GEORGE B. DANIELS, United States District Judge:**

Before this Court are two motions to modify the preliminary injunction entered on September 18, 2025 (ECF No. 129), which, consistent with the restrictive covenants in Defendants' employment agreements, temporarily prohibits them from soliciting the employees and clients of Plaintiff Marsh USA LLC ("Marsh"). Defendants Julie Layton, Michael Parrish, Giselle Lugones, and Robert Lynn ask that the preliminary injunction's non-solicitation provisions, paragraphs 1 and 2, be declared expired one year after their employment with Marsh ended. (ECF Nos. 251, 269.) Marsh opposes and asks instead that the injunction's restrictions be extended by the number of days[1] Marsh alleges each Defendant was in breach of the covenants. (ECF No. 257 at 1; ECF No. 274 at 1–2.) Defendants' motions are **GRANTED** to the extent that paragraphs 1 and 2 of the preliminary injunction shall not remain in effect beyond September 19, 2026.

[1] Marsh alleges a total of 265 days of solicitation across the four Defendants. Except for four days attributed to Layton immediately after her resignation, all of the alleged solicitation occurred while Defendants were still employed by Marsh, before the twelve-month post-employment period began to run. (*See* ECF No. 257 at 1; ECF No. 265 at 5 n.3; ECF No. 274 at 4–10.)

A court's power to modify its own injunction "is inherent." *Sierra Club v. U.S. Army Corps of Eng'rs*, 732 F.2d 253, 256 (2d Cir. 1984). And the governing inquiry is "whether the requested modification effectuates or thwarts the purpose behind the injunction." *Id.* at 257.

Under New York law, "preliminary injunction[s] should be congruent with the restrictive covenant" at issue. *Wolf A. Popper, Inc. v. Kaiden*, 415 N.Y.S.2d 431, 432 (App. Div. 1979); *see Marilyn Model Mgmt., Inc. v. Saathoff*, 119 N.Y.S.3d 59, 60 (App. Div. 2020) (holding that a non-solicitation injunction could not outlast the underlying covenant because, once the covenant, "pursuant to its terms, expired," there was "no basis for the injunction to remain in place for the pendency of this action"); *JLM Couture, Inc. v. Gutman*, No. 20-CV-10575, 2021 WL 2227205, at *6 (S.D.N.Y. June 2, 2021) (modifying a preliminary injunction to add the terminal date of the underlying contractual provision). Thus, a preliminary injunction based on a one-year non-solicitation covenant "should . . . provide[] that" it "expire[s] . . . one year after the defendant le[aves] the plaintiffs' employment." *Ingenuit, Ltd. v. Harriff*, 822 N.Y.S.2d 301, 303 (App. Div. 2006).

Here, removing the portion of the preliminary injunction that would otherwise prohibit solicitation beyond the one year in the covenants "effectuates" the injunction's purpose. *Sierra Club*, 732 F.2d at 257. The covenants bar solicitation of Marsh employees and clients for twelve months following the end of Defendants' employment, (Mem. Decision at 3, ECF No. 130), and the injunction was entered on Marsh's representation that it sought no more than that: "It's a ***one-year period***. . . . We are asking that they [Defendants] adhere to their contractual obligations ***for one year***." (Hr'g Tr. 19:20–23, Sept. 4, 2025 (emphases added).) This Court granted the "status quo preliminary injunction" that Marsh proposed, finding it "would be narrowly tailored to mirror the defendants' existing obligations." (Mem. Decision at 6.) Paragraphs 1 and 2 were therefore

meant to last for the prohibited year that Marsh asked for, and no longer. Defendants' employment with Marsh ended by September 19, 2025, so those provisions need not remain in effect beyond September 19, 2026. (*See* ECF No. 252 at 2; ECF No. 270 at 3.) This ruling does not preclude damages for established injuries, permanent injunctive relief, or other appropriate equitable injunctive relief.

Marsh sought and received the post-employment year it bargained for, and its further remedy for what came before is the "money damages" that it told this Court it would seek. (Hr'g Tr. 14:25–15:1.) No showing of continued irreparable injury justifies equitable tolling or any further preliminary injunctive relief beyond the agreed one-year prohibition.

## CONCLUSION

Defendants' motions (ECF Nos. 251, 269) are **GRANTED** to the extent that paragraphs 1 and 2 of the preliminary injunction shall not remain in effect beyond September 19, 2026, as to any of the Defendants. Paragraph 3 remains in full force and effect. Layton's letter motion for a conference concerning these motions (ECF No. 279) is **DENIED** as moot. The Clerk of Court is directed to close the open motions at ECF Nos. 251, 269, and 279.

**SO ORDERED.**

Dated: SEP 17 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge