UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSH USA LLC,

Plaintiff,

-against-

MICHAEL PARRISH,
GISELLE LUGONES,
ROBERT LYNN, and
JULIE LAYTON,

Defendants.

1:25-cv-06208-GBD-GS

STIPULATION AND
AMENDED PROTECTIVE ORDER

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue an amended protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Court issued a protective order in this matter on December 1, 2025, *see* ECF No. 179 (December 1, 2025 Protective Order);

WHEREAS, the Parties seek to amend the December 1, 2025 Protective Order to permit the designation of certain documents as "Highly Confidential – Outside Professionals' Eyes Only;"

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Amended Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Professionals' Eyes Only" pursuant to the terms of this Protective Order (hereinafter, material with any of these designations, including deposition transcripts, will be referred to as "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party. Material may be designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Professionals' Eyes Only" in whole or in part, only if counsel determines reasonably and in good faith that such additional protection is warranted due to the nature of the document or information.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. The producing person or that person's counsel may designate portions as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Professionals' Eyes Only" by similarly stamping or otherwise clearly marking as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Professionals' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

4. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Professionals' Eyes Only" either by (a) indicating on the record during the deposition that a question calls for Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Outside Professionals' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order," "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order," or "Highly Confidential – Outside Professionals' Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Professionals' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential unless counsel indicated on the record or by subsequent correspondence (sent prior to the distribution of the transcript) that line-by-line designations of "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Professionals' Eyes Only" information would be provided before or at the conclusion of the 30-day period. In such circumstances, the entire transcript will be treated during that 30-day period as if it had been designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Professionals' Eyes Only," as applicable.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Professionals' Eyes Only" such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Professionals' Eyes Only" as designated, under the terms of this Protective Order.

6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) counsel for Howden US Services, LLC;

(e) any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i) stenographers engaged to transcribe depositions conducted in this action; and

(j) this Court, including any appellate court, and the court reporters and support personnel for the same.

7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

(a) counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c) any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) counsel for Howden US Services, LLC;

(e) as to any document—and solely during meetings with counsel for the Parties or counsel for Howden US Services, LLC to prepare for depositions or other testimony—its author, its addressee and any other person indicated on the face of the document as having received a copy or identifiable based on the metadata or source of the document as formerly having been in the person's possession (e.g., documents extracted from a mobile device, laptop, or other electronic device formerly in possession of the person), provided that, for remote meetings: (i) counsel will only share the documents through screen-share, rather than transmitting them via email or other mechanism that allows the witness to retain a copy; and (ii) counsel will instruct the witness at the beginning of each remote meeting not to take screenshots or similar photos;

(f) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) stenographers engaged to transcribe depositions conducted in this action; and

(h) this Court, including any appellate court, and the court reporters and support personnel for the same.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Outside Professionals' Eyes Only to any other person whomsoever, except to:

(a) outside counsel of record for the Parties, and any paralegal, clerical, and other assistants employed by such counsel and assigned to this matter;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c) any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) stenographers engaged to transcribe depositions conducted in this action; and

(f) this Court, including any appellate court, and the court reporters and support personnel for the same.

For the avoidance of doubt, material bearing the "Highly Confidential – Outside Professionals' Eyes Only" designation may not be disclosed to in-house counsel for any Defendant or to any individual Defendant absent written agreement by the producing or designating person or an order of the Court. To the extent the order of the court would override the confidentiality designation of a non-party producing or designating documents, notice of the order will be given to the non-party.

For documents bearing the "Highly Confidential – Outside Professionals' Eyes Only" designation, such documents must be stored in a manner that does not permit access to the documents so designated by any individual who is not authorized to see the documents under the terms of this Protective Order. Counsel will instruct any retained professionals to store such documents in a

manner that prevents access by unauthorized persons. Designated documents, including summaries thereof, will be labeled in a manner that is designed to prevent inadvertent disclosure (e.g., "contains OPEO material").

The Parties acknowledge that they have previously agreed, pursuant to Paragraph 10 (formerly Paragraph 9) to the heightened protection of Outside Professionals' Eyes Only designations but have since negotiated added protections. The Parties will use reasonable efforts to ensure compliance with the added protections for previously-designated documents, but it shall not be a violation of this Protective Order if documents were treated consistently with the prior agreement.

9. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section 2.C of Magistrate Judge Stein's Individual Rules of Practice in Civil Cases.

10. Any Party or third party producing information who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section 2.C of Magistrate Judge Stein's Individual Rules of Practice in Civil Cases.

11. The Parties acknowledge the pendency of certain other actions in other courts (*Marsh & McLennan Companies, Inc. et al. v. Howden US Services, LLC et al.*, 25-cv-9130-JLR (S.D.N.Y.) and *Parrish et al. v. Marsh & McLennan Companies, Inc. et al.*, Index No. 654430/2025, pending in the Supreme Court for the State of New York, collectively, the "Other Actions"). The Parties agree that recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action or the Other Actions. Recipients of Confidential Discovery Material under this Protective Order may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any Party or Recipient of Confidential Discovery Material with respect to documents or information lawfully belonging to that Party or Recipient of Confidential Discovery Material produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action. The Parties do not waive any pending motions or any rights in any of the Other Actions. Furthermore, the Parties acknowledge that any third party producing Confidential Discovery Material in this action would need to consent to the sharing of information with parties in the Other Actions.

12. In the event that any additional parties are added to this litigation, whether by Court order or otherwise, the Parties will meet and confer about appropriate modifications to this Protective Order.

13. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of

example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

14. Upon request, counsel shall promptly provide to a producing Party's counsel a copy of any individual's Non-Disclosure Agreement (annexed as an Exhibit hereto).

15. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

16. All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters, or in cases where the Parties have consented to the jurisdiction of Magistrate Judge Stein for all purposes, shall follow Section I(H) of Magistrate Judge Stein's Individual Practices in Civil Cases as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. With respect to dispositive matters, the Individual Rules of the presiding District Judge shall be followed instead of Magistrate Judge Stein's Individual Practices. The Parties shall use their best efforts to minimize such sealing.

17. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

18. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

19. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft)

exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

21. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

22. Nothing in this Protective Order shall be deemed an order or concession regarding the relevance or admissibility of any particular Discovery Material, whether in this action or in any Other Actions, and all parties to this action and any Other Action shall reserve all rights and objections. All parties similarly reserve all rights as to whether any particular Discovery Material is a trade secret or otherwise confidential.

23. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Amanda C. Machin*
Harris M. Mufson
Lee R. Crain
Kelly Herbert
200 Park Avenue
New York, NY 10166
(212) 351-4000
hmufson@gibsondunn.com
lcrain@gibsondunn.com
kherbert@gibsondunn.com

Jason C. Schwartz (*pro hac vice*)
Ryan C. Stewart (*pro hac vice*)
Amanda C. Machin (*pro hac vice*)
1700 M Street, NW
Washington, D.C. 20036
jschwartz@gibsondunn.com
rstewart@gibsondunn.com
amachin@gibsondunn.com

Karl G. Nelson (*pro hac vice*)
Rachel W. Robertson (*pro hac vice*)
Brian Richman
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
knelson@gibsondunn.com
rrobertson@gibsondunn.com
brichman@gibsondunn.com

Angelique Kaounis (*pro hac vice*)
2000 Avenue of the Stars, Suite 1200N
Los Angeles, CA 90067
AKaounis@gibsondunn.com

*Attorneys for Plaintiff Marsh USA LLC*

DORSEY & WHITNEY LLP

By /s/ *Kathryn A. Johnson (by permission)*
Jeremy E. Deutsch
Krista E. Bolles
Hannah R. Livingston
1301 Avenue of the Americas, 13th Floor
New York, NY 10019
(212) 415-9200
deutsch.jeremy@dorsey.com
bolles.krista@dorsey.com
livingston.hannah@dorsey.com

Kathryn A. Johnson (pro hac vice)
50 South 6th Street, Suite 1500
Minneapolis, MN 55402
(612) 492-6768
johnson.kate@dorsey.com

*Attorneys for Defendant Julie Layton*

CARLTON FIELDS, P.A.

By /s/ *Kevin P. McCoy (by permission)*
Michael L. Yaeger
Amrit P. Singh
730 Third Avenue, 19th Floor
New York, NY 10017
(212) 785-2577
myaeger@carltonfields.com
asingh@carltonfields.com

Kevin P. McCoy (admitted pro hac vice)
Mac R. McCoy (admitted pro hac vice)
David R. Wright (admitted pro hac vice)
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, FL 33607
(813) 223-7000
kmccoy@carltonfields.com
mmccoy@carltonfields.com
dwright@carltonfields.com

Steven J. Brodie (admitted pro hac vice)
2 Miami Central, 700 NW 1st Avenue, Suite 1200

Miami, FL 33136
(305) 530-0050
sbrodie@carltonfields.com

*Attorneys for Defendants Michael Parrish, Giselle Lugones, Robert Lynn*

SO ORDERED:

Gary Stein
United States Magistrate Judge

Dated: October 16, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSH USA LLC,

Plaintiff,

-against-

MICHAEL PARRISH,
GISELLE LUGONES,
ROBERT LYNN, and
JULIE LAYTON,

Defendants.

1:25-cv-06208-GBD-GS

NON-DISCLOSURE AGREEMENT

I, ______________________________ , acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the nondisclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ______________

______________________________
Signature